A. GREENER & SONS *v.* SOUTHERN RAILWAY COMPANY.*

## (*Nashville.* December Term, 1926.)

Opinion filed, June 25, 1927.

1. **TROVER. For recovery of goods improperly delivered. Tender of freight charges. Common carrier.**

Where through mistake, the carrier delivers goods to a person not entitled thereto, and he refuses to return them, the carrier may maintain an action for recovery of goods or their value. But to maintain its action, the carrier must refund amount paid as freight charges. (Post, p. 488.)

Citing: 10 Corpus Juris 268, 9.

2. **SAME. Same. Same.**

A tender is unnecessary when "it is reasonably certain that it will be refused. (Post, p. 490.)

Citing: Bank v. Smith, 110 Tenn., 337; United States v. Lee, 106 U. S., 196, 27 L. Ed., 171.

3. **ACTIONS. Objections which go in abatement, not apparent on face of record.**

Must generally be specially pleaded in abatement both at law and in equity, by a formal plea, or by plea in nature of a plea in abatement, or by answer under the codes. (Post, p. 488.)

Citing: 38 Cyc., 2071.

4. **SAME. Same. Condition precedent.**

If there is a cause of action, but action is brought without performance of a condition precedent to the right to sue thereon, this objection is ground for abatement of the action and must usually be so pleaded. (Post, p. 488.)

Citing: 1 Corpus Juris, secs. 170, 218.

5. **EVIDENCE. Confined to the issue joined. Waiver.**

An elemental rule of pleading and practice is that no evidence need be given except that which tends to prove some point put in issue

by the parties; e. g. in suits on policies of insurance where condition precedent are held waived, where company by general plea denied liability altogether. (Post, p. 489.)

Citing: Denton v. Moore, 2 Tenn., 168; Insurance Co. v. Hancock, 106 Tenn., 513; Insurance Co. v. Thornton, 97 Tenn., 1.

---

*Headnotes 1. Carriers, 10 C. J., section 383; 2. Carriers, 10 C. J., section 383; 3. Trial, 38 Cyc., p. 1327 (Anno); 4. Tender, 38 Cyc., p. 135.

---

### FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County, to Court of Civil Appeals and by *certiorari* to Supreme Court.—HON. M. R. PATTERSON, Judge.

JOHN EXBY, for plaintiff in error.

EWING, KING & KING and H. P. POSERH, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is an action of trover instituted by the Railway Company, referred to herein as the plaintiff, against A. Greener & Sons, referred to herein as defendants, to recover $443.04, the value of a box of gingham alleged to have been converted by the defendants, the declaration averring that same was delivered to the defendants by mistake, and that plaintiff's demand for the return of said gingham had been refused.

The defendants filed a plea of not guilty.

At the conclusion of the plaintiff's proof the defendants filed a demurrer to the evidence, which the court overruled, and thereupon directed a verdict for the plaintiff.

No question is made as to the sufficiency of the evidence to support the allegations of the declaration, but the defense relied upon was the failure of the Railway Company to tender back the freight charges of $1.74, paid by Greener & Sons, as a condition precedent to the maintenance of such an action.

In 10 Corpus Juris, 268-9, it is said:

"Where through mistake, fraud, or otherwise the carrier has been induced to deliver goods to a person not entitled thereto, and he refuses to return them, the carrier may maintain an action against him for the recovery of the goods or for their value. . . . But to entitle the carrier to maintain an action to recover the property, it must refund the amount paid to it as freight charges."

Conceding the correctness of the rule stated, we are of the opinion that such a condition can be waived, and was waived in this case by the defendants.

Under the title "Abatement and Revival" in 1 Corpus Juris, Section 170, it is said:

"If there is a cause of action, but action is brought without performance of a condition precedent to the right to sue thereon, this objection is ground for abatement of the action and must usually be so pleaded."

In Section 218 it is further said:

"Objections to the action or proceeding which go merely in abatement of the same and not in bar, and which do not appear on the face of the record so that they may be raised by demurrer or motion, must generally be specially pleaded in abatement, both at law and in equity, by a formal plea in abatement in accordance with the statutes and rules of court governing such pleas, or by a plea in the nature of a plea in abatement, or by answer under the codes. This rule has been applied, for

example, to the objections that the action was prematurely brought; that it was brought without performance of conditions precedent, or, in some cases, without plaintiff's authority; that it is champertous; or that there is a variance between the pleading and the process."

The foregoing texts are well supported by the authorities cited in the notes, and are based upon equity and good pleading.

It is an imposition upon the court, litigants and witnesses to go to trial upon the merits of a case and, when overwhelmed with the evidence, undertake to escape liability by invoking a defense that should have been raised at the outset by a plea in abatement. Such experimentation cannot be countenanced by the courts. Before the introduction of any evidence counsel stated to the court and the jury that the defense relied upon was that the defendants never received the gingham sued for, and upon that issue the court very properly directed a verdict for the plaintiff. The defendants offered no evidence.

In 38 Cyc., 2071, it is said:

"Under the common-law system of pleading, pleas in trover are either general or special. The general pleas are: (1) 'Not guilty,' which denies plaintiff's title, right of possession, and the wrongful conversion alleged."

Here plaintiff proved, without controversy, its right of possession and the wrongful conversion by the defendants, and hence was entitled to a verdict.

An elemental rule of pleading and practice is that no evidence need be given except that which tends to prove some point put in issue by the parties. *Denton* v. *Moore*, 2 Tenn., 168.

The above rule has been applied frequently by this court in suits on contracts; for example, on policies of

insurance where conditions precedent were held to be waived where the company denied liability altogether. *Insurance Co.* v. *Hancock,* 106 Tenn., 513.; *Insurance Co.* v. *Thornton,* 97 Tenn., 1.

We see no difference, in principle, in the two cases.

There is another rule which would excuse the plaintiff herein from making or offering to make a tender, as a condition precedent to maintaining this suit, viz: that a tender is unnecessary when it is reasonably certain that the tender will be refused. *Bank* v. *Smith,* 110 Tenn., 337; *United States* v. *Lee,* 106 U. S., 196, 27 L. Ed., 171.

It does not affirmatively appear that plaintiff offered to refund the freight charges, neither does the evidence show that such offer was not made. It would certainly have been a useless formality to have tendered the $1.74 when the defendants were contending even at the trial that they had never received the gingham, and, of course, a tender would have been declined.

The defendants suffered no injury by the failure of the plaintiff to offer to refund the freight charges since the trial court directed the jury to give the defendants credit for the $1.74, which they did.

The Court of Appeals affirmed the judgment of the trial court, but rendered judgment on the appeal bond for the debt, as well as for damages and costs, and it is conceded that this was error. In order to correct same the writ of *certiorari* will be granted. Counsel, if they desire, may waive oral argument, in which event the decree of the Court of Appeals will be so modified as to relieve the surety from liability for the debt. In other respects the judgment of the Court of Appeals will be affirmed.