GAUGH *v.* SOUTHERN LIFE INSURANCE COMPANY.

Opinion delivered June 24, 1929.

*W. H. Dunblazier* and *Joseph R. Brown,* for appellant.

*Holland & Holland,* for appellee.

HUMPHREYS, J. Appellant instituted suit against appellee in the circuit court of Sebastian County, Fort Smith District, to recover $500 as beneficiary in a policy of insurance issued by said appellee upon the life of Ben Gaugh, the husband of appellant.

Appellee filed an answer to the complaint, denying liability under the policy, on the ground that same had lapsed for nonpayment of premiums.

The cause was submitted upon the pleadings, testimony and instructions of the court, which resulted in a verdict and judgment in favor of appellee, from which is this appeal.

At the conclusion of the testimony appellant requested the court to instruct a verdict in her favor, which the court refused to do, over her objection and exception. The trial court erred in refusing to peremptorily instruct a verdict for her. According to the undisputed testimony, the policy was not delivered to the insured until March, 1927, although dated February 17, 1927. It contained a clause stating that it should not become effective

until delivered. It also contained the two following clauses:

"In the case of monthly premiums.—All premiums shall be due on the first day of each calendar month, and must be received by the company on or before the last day of each month."

"Payment of premium under this policy will be due on the first day of April, 1927, and on the first day of each and every month thereafter."

The undisputed testimony showed that nine monthly premiums were paid by the insured to appellee. The receipts for these payments show on their face that the payments were made for the months of March to November, 1927, inclusive. The March receipt, dated February, 1927, has a notation on the margin "3-26." Appellant testified, without contradiction, that S. H. Gregory, the local agent of appellee, brought the policy in question to their home the latter part of February, 1927, and requested payment of the first premium; that she told him her husband did not get his pay until March 26, and that Mr. Gregory made a notation on the margin of the receipt, "3-26;" that he kept the receipt and policy, saying that he would return on that day and deliver the policy and collect the first premium; that he did not return until the 28th day of March, at which time she paid Mr. Gregory $1.75 in settlement of the first premium; that he handed her the receipt on which he had made the notation "3-26," and at the same time delivered the policy to her for her husband. It is true that S. H. Gregory testified, by reference to the policy and receipts, that the policy took effect from its date, February 17, 1927, and that payment of the premium in March was for the month of March, and not for April. But this could not have been true unless the policy was delivered the last of February or the first of March. Gregory did not gainsay the testimony of appellant to the effect that he delivered the policy on March 28, 1927. Her testimony to this effect is corroborated by the notation, "3-26," on the margin of

the receipt, dated February 17, 1927. It is also corroborated by the clause quoted above with reference to the payment of the premium. This clause necessarily referred to the payment of the first premium. It is true that the insured paid the premium two days before the same was due, but he had a right to pay it in advance. In view of this corroboration of appellant's testimony, it may be said that her evidence as to the date of the delivery of the policy was undisputed, even though a party to the suit. The rule is that the uncorroborated testimony of a party to a suit cannot be regarded or treated as undisputed testimony in the case. The law is that, where a policy contains a clause stating that it shall not become effective until delivered, no liability arises thereon or thereunder until a delivery thereof. This policy contained such a provision, and, since the undisputed evidence showed that it was not delivered until March 28, 1927, the payment on that date necessarily paid the premium for the following month of April. *Kirk* v. *Sovereign Camp of Woodmen,* 169 Mo. App. 449, 155 S. W. 39.

The court erred in submitting the issue of whether the insured had paid the premium on the policy for the month of December, 1927. As the undisputed testimony showed that the first premium paid by him was for the month of April and that nine payments were made, it necessarily covered the month of December. The insured died on January 16, 1928, during the life of the policy, as under its terms the insured had until the 30th day of January, 1928, to pay the January premium.

The court should have instructed a verdict for appellant. On account of the failure to do so, the judgment is reversed, and a judgment is directed to be entered here for appellant.