COX v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.
—122 S. W. (2d) 823.

Middle Section. August 6, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

312

W. P. Cooper, of Nashville, for appellant, John T. Cox.
Seay, Stockell, Edwards & Barksdale, of Nashville, for appellee, Equitable Life Assur. Soc.

CROWNOVER, J. This is an action to recover disability benefits under an insurance policy providing for monthly payments

should the insured become totally and permanently disabled before the age of sixty years.

John T. Cox signed an application for a $3000 policy of life insurance in the defendant insurance company, on September 14, 1923. The policy was issued on December 10, 1923, providing for premiums to be paid on the 22d of September of each year.

The policy also provides for a "disability-annuity" of $30 per month if insured becomes totally and permanently disabled before the age of sixty, which provision is as follows:

"If the insured becomes wholly and permanently disabled before age 60 the Society will waive subsequent premiums and pay to the Insured a disability-annuity of $30.00 a month subject to the terms and conditions contained on the third page hereof."

One of the terms and conditions is as follows:

"Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"(a) Waive payment of all premiums upon this policy falling due after the receipt of such proof . . .

"(b) Pay to the insured a monthly disability-annuity as stated on the face hereof . . ."

The policy also contains a provision that in case the insured becomes totally and permanently disabled after the age of 60 payment of premiums will be waived on each subsequent anniversary, which clause is as follows:

"(II) Disability benefit after age 60.

"In case the Insured after attaining age sixty, and while this policy is in full force and effect, becomes totally and permanently disabled as above described, and furnishes due proof thereof, the Society, subject to the conditions above stated, will on each subsequent anniversary date of this policy during the continuance of such disability waive payment of the premium, if any, for the ensuing policy year, whereupon the amount of insurance shall become reduced by the amount of premiums so waived and subsequent premiums and loan and surrender values shall be reduced proportionately."

Cox was born on February 10, 1874. His sixtieth birthday, therefore, fell on February 10, 1934.

The "anniversary date" of his policy was September 22d of each year.

On January 24, 1934, he gave the insurance company notice that he had become totally and permanently disabled on January 1, 1934, with heart trouble, and asked for disability payments.

The insurance company refused payment, contending that the "anniversary" date or "due date" of the policy was September 22d; that as Cox's sixtieth birthday was on February 10, 1934, the anniversary date of the policy nearest his sixtieth birthday fell on September 22, 1933; that under the terms of the policy it would have been necessary for Cox to have been permanently disabled and to have given the company notice of his disability before September 22, 1933; that, in the absence of notice at that time, there was no liability.

But the insurance company offered to settle on the "over age sixty" basis provided by the policy, which Cox refused to accept.

Cox thereupon filed affidavits attempting to show that he was actually totally and permanently disabled before August 10, 1933.

Cox had another policy, for $1000, with the company. The anniversary date of this policy was August 10th. The company, holding that the anniversary date of this policy which was nearest Cox's sixtieth birthday was August 10, 1934, acknowledged liability under this policy and began to make disability payments under same.

The case was heard by the Chancellor, who found that the complainant became totally and permanently disabled on or about January 1, 1934, and that he was not entitled to recover disability-annuity under this policy, and he dismissed the complainant's bill, to which he excepted.

The complainant filed a petition for a rehearing, which was dismissed, to which he excepted, and appealed to this court and has assigned errors, which are as follows:

(1) The Chancellor erred in finding and holding that the complainant became totally and permanently disabled on January 1, 1934.

(2) The Chancellor erred in finding and holding that the anniversary date of the policy was September 22d of each year.

(3) The Chancellor erred in failing to render a decree in favor of complainant for the disability benefits.

(4) The Chancellor erred in refusing to render a decree in favor of the complainant for the premiums he had paid under protest.

 1. The Chancellor was not in error in finding that Cox became totally and permanently disabled on or about January 1, 1934, and not in August, 1933. The records of the company where Cox was employed show that he worked forty hours a week for the first three weeks of December and nine hours the fourth week. The policy provides:

"Disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent

when it is present and has existed continuously for not less than three months . . .''

In the case of Metropolitan Life Ins. Co. v. Walton, 19 Tenn. App. 59, 65, 83 S. W. (2d) 274, 278, the Court said:

"We are of the opinion that the court should have directed a verdict on the second proposition; that is, the insured was not totally and permanently disabled within the meaning of the policy. The testimony of the doctors is that in the latter part of 1928 or 1929 Walton had blood pressure of 240 to 250, which they said was a condition of total and permanent disability, but they admitted that they had advised him to do light work, and that he continued at his same work until his discharge in December, 1930. While it is testified that the work he did at the cement plant from that time until he was laid off was light work out in the air, yet he was able to perform his regular work at the plant, and we think that when a man is able to perform his regular work he is not totally and permanently disabled within the meaning of his policy. We think the case of Bowen v. Metropolitan Life Insurance Company, 17 Tenn. App. 322, 67 S. W. (2d) 164, is very much in point, and it was held in that case that the insured was not totally and permanently disabled within the meaning of the policy.''

2. The defendant insurance company contends that the "anniversary" date of the policy is the date the premium is due.

In the case of Bank of Commerce & Trust Co. v. Life Insurance Company, 160 Tenn. 551, 26 S. W. (2d) 135, 68 A. L. R. 1380, the Court said the "anniversary" date of the policy was the "due date."

The language of the policy in regard to the premium indicates that the anniversary date is the date that the premium falls due, and we so hold. However, had the anniversary date been the date when the policy was issued (December 10th), it would not have affected the company's liability in this case.

3. It is insisted for the complainant that the paragraph of the policy providing for disability-annuities and the first paragraph of the "terms and conditions" of the policy (both hereinabove copied) are repugnant to each other.

"If the last clause of the contract is so repugnant to the first that both cannot stand, the first must be taken as expressing the contract between the parties. But it is contended that a proviso merely limiting a previous clause of a contract, without destroying it, is not void, but must be considered as incorporated into and forming a part of the clause which it limits." Bean v. Insurance Company, 111 Tenn. 186, 190, 78 S. W. 104, 105.

The paragraph providing for annuities states that it is subject to the conditions in the policy (above set out).

Also, on page 1 of the policy is the following language:

"The privileges and conditions stated on the subsequent pages hereof form a part of this contract as fully as if recited at length over the signatures affixed."

In this case the 22d day of September, 1933, was the anniversary date of the policy upon which the insured's age at nearest birthday was sixty years. In other words, it was the anniversary date of the policy nearest to his sixtieth birthday, which was February 10, 1934.

It is insisted by appellant that if disability, within the meaning of the policy, commences before the insured's sixtieth birthday, he will be entitled to "under age sixty" benefits, even though the anniversary of the policy nearest that birthday comes before such disability commences; but that if it so happens that the anniversary of the policy upon which his age at nearest birthday is sixty years is after his sixtieth birthday, he would be entitled to benefits on an "under age sixty" basis, if his disability commenced before such anniversary. This contention cannot be sustained. Suppose, as counsel for the insurance company argues, the insured became sixty years of age on February 10, 1934. The date on which the premium is due on the policy each year, or the anniversary date each year, is August 1st. The insured becomes disabled March 10, 1934. August 1, 1934, would be the anniversary nearest to February 10, 1934, the sixtieth birthday of the insured. Would the court say that the insured should not be paid because he had become permanently and totally disabled after his sixtieth birthday? The contention is unsound.

We are bound by the contract of the parties as set out in the plain provisions of the policy.

4. As we have hereinabove held the complainant cannot recover the "disability benefits before age 60," it follows that he is not entitled to recover under that clause the premiums paid; but he is entitled, under Clause II, "Disability Benefits after age 60," hereinabove copied, to be relieved from paying premiums beginning with the subsequent anniversary date or September 22, 1934.

There is no controversy about his being disabled after January 1, 1934, and no question is raised about notice and proof of loss not having been furnished before the 61st anniversary of his policy, therefore he is entitled to recover the premiums paid in accordance with Clause II. But he is not entitled to recover any interest or attorneys' fees. The company offered in its letters before suit was brought to settle under the "after 60" clause, but the complainant refused to accept this settlement and brought suit. The complainant having refused the offer, tender was not necessary. A. Greener & Sons v. Southern Railway Co., 155 Tenn. 486, 290 S. W. 988.

It results that the complainant must pay the costs that ac-

crued in the lower court, but we think that he should recover one-half the costs of the appeal as well as all premiums paid after the next anniversary of the policy after his sixtieth birthday, and the defendant should pay the other one-half of the costs.

All the assignments of errors, except the last, having been overruled, it results that the decree of the Chancellor as herein modified is affirmed.

Faw, P. J., and Felts, J., concur.