BERRY v. PRUDENTIAL INS. CO. OF AMERICA.—134 S. W. (2d) 886.

Western Section. June 8, 1939.

Petition for Certiorari denied by Supreme Court, December 28, 1939.

Sam Taubenblatt and Louis Zimmerman, both of Memphis, for complainant.

Canale, Glankler, Loch & Little and Andrew O. Holmes, all of Memphis, for defendant.

SENTER, J. This is a suit on a life insurance policy issued by the defendant on the life of Floyd M. Berry, naming complainant, the wife of the insured, as the beneficiary. The amount of the policy was $1,200.

The original bill was filed in this cause by Emelia K. Berry on May 16, 1936, alleging that on the 13th day of May, 1935, the defendant issued the policy sued on on the life of her husband, Floyd M. Berry, naming complainant as the beneficiary. The bill further alleges that the policy was issued in consideration of the payment of a premium of $7.78 which was paid upon the issuance of the policy on May 13, 1935, and the payment of a similar amount on the 13th day of each August, November, and February thereafter. The bill then alleges that the insured failed to pay the premium due on August 13, 1935, and that the policy lapsed after the lapse of the thirty days grace period as provided in the policy on September 13, 1935.

The policy sued on is of the endowment type of insurance contract, and the date of issuance as it appears on the policy is the 13th day of May, 1935. Among other provisions, the policy contains the following:

"Amount of Insurance Twelve Hundred Dollars, payable fifty-five years after the date hereof, on the 13th day of May, 1990, provided the insured be then living and this policy be then in force, or immediately upon receipt of due proof of the prior death of the insured while this policy is in force."

The policy further provides with reference to the dates for the payment of premiums, as follows:

". . . on or before the following due dates, the 13th day of February, May, August, and November, in every year, during the continuance of this policy, until fifty-five full years premiums have been paid, or until the prior death of the insured."

And the further provision:

"The payment of any premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as herein provided."

At the hearing of the cause the chancellor held and decreed that the policy had lapsed for nonpayment of premiums at the time of the death of the insured.

The bill alleged that after the lapse of the policy for nonpayment

of the August, 1935, premium an application for reinstatement was made on October 17, 1935, and a copy of this application is made a part of the bill. This application for reinstatement, which was duly executed by Floyd M. Berry, provides, among other matters, as follows:

"I hereby apply for the reinstatement of the above numbered policy which was lapsed for nonpayment of the premium due 8/13/35."

The application for reinstatement was approved by the defendant on October 29, 1935, and a receipt for the arrears premium paid at the time of the application for reinstatement was issued pursuant to the provisions of the policy. This receipt is made an exhibit to the original bill and provides that it is in payment of the premium due on the policy on August 13, 1935.

The bill further alleges that the insured died on the 19th day of December, 1935, and that the policy was in force at that time. This allegation is upon the theory, as shown by the bill, that the premium paid in October on the reinstatement of the policy did not pay the premium which was due August 13, 1935, as provided in the application for reinstatement and in the policy, but paid for insurance three months from the date of reinstatement. However, it appears that complainant has now abandoned the theory upon which the original bill was filed, having made but one assignment of error in this court and which is predicated upon a theory said by appellee to be inconsistent with the allegations of the original bill.

The defendant filed an answer to the bill and in which it admits the issuance of the policy on May 13, 1935, the payment of the quarterly annual premium of $7.78 on that date, and it further admitted that the policy required payment of a premium of $7.78 on the 13th day of February, May, August, and November in every year during the continuance of the policy until fifty-five full years premiums were paid, or until the prior death of the insured.

The contention now being made by appellant is that although the policy was dated May 13, 1935, that it was not delivered to the insured until about June 15, 1935. It being further contended that the policy provided that it did not become effective until the first quarterly premium had been paid and the policy delivered, and that therefore the second quarterly premium would not have been due until September 15, 1935, and not August 13, as provided in the policy.

It is true that there is a provision in the application for the policy signed by the insured that the policy will not take effect until the first premium is paid and the policy delivered. However, the policy was date May 13, 1935, and specifically provided the dates for the payment of subsequent premiums, and specifically designated August 13 as the date for the next quarterly premium. The arrangement for the payment of premiums between the insured and the Company was

that the annual premium would be divided into quarterly payments, and the future quarterly payments would be made August 13, November 13, February 13, and May 13. The anniversary date of the policy, by specific provision, was May 13, 1935. It was a fifty-five year endowment plan contract. The policy shows that all of the settlement tables dated from May 13, 1935; as did also the incontestability clause contained in the policy.

It was therefore to the benefit of the insured that the date of the policy be made May 13 as the date of issuance. It is clear from the table showing the cash surrender value, the paid-up insurance value, the loan value and the maturity of the policy were based and calculated upon May 13 as the anniversary date of the policy. The mere fact that the application for this policy of insurance provided that it would not become effective until the first quarterly premium had been paid and the policy delivered, would not alter the actual anniversary date as set forth in the policy.

All the benefits accruing under the policy are calculated upon the date of issuance of the policy, as shown by the policy, May 13, 1935. Under the terms of the policy the incontestability clause would begin to run on May 13, 1935, and not from some indefinite date in June, "about June 15." In fact, the original bill did not predicate the right to recover on the policy on the theory that the effective date of the policy was June 15, but specifically alleged that the policy was dated May 13, 1935, and that the second quarterly premium became due and payable on August 13, 1935, with a thirty days' grace period. The application for reinstatement by the insured when he failed to pay the premium on August 13, 1935, refers to and sets out that the premium due on August 13, 1935, had not been paid within the thirty days' grace period. The application for reinstatement was made and the policy was then reinstated. This carried the policy in force until the November premium became due on November 13, 1935, with the thirty days' grace period added, the policy was kept in force until December 14, 1935.

Another significant fact was that the agent for the insurer suggested to the insured that he should make that payment or else let the policy lapse and take out a new policy. In response to this suggestion the insured stated to the agent that he did not want to take out a new policy but would prefer to reinstate the present policy so as to have the benefit of its age, and the benefits provided under the policy by having the present policy reinstated. However, before he made application for reinstatement he was taken suddenly ill and died a few days later.

We think that the contention of appellant that the reinstatement of the policy carried it for three months plus the thirty days' grace period, cannot be sustained. We think it clear from the application for reinstatement that the insured understood and construed the

policy to provide that the second quarterly premium would become due on August 13, 1935, and that the grace period was thirty days thereafter.

It appears from the testimony of a former soliciting agent of the insurer, who testified that for a time he was engaged in collecting premiums for the defendant in the neighborhood in which Berry lived; that he made several efforts to collect the premium due August 13, 1935, and that Berry explained to him that he could not pay the premium because at that time he did not have the funds with which to pay it; that he attempted to collect the November 13 premium when it became due, and that no claim was ever made by Berry that his policy would remain in force without the payment of this premium, but stated that the reason he could not pay it was because of the lack of money with which to pay it.

■ We think it well settled that where a life insurance policy provides that it shall lapse and be void if the premiums thereon are not paid when due and as provided by the terms of the policy, that the policy will lapse if the premiums are not paid on the dates provided by the policy, with the grace period added. Pacific Mutual Life Ins. Co. v. Galbraith, 115 Tenn., 471, 91 S. W., 204, 112 Am. St. Rep., 862; Bank of Commerce & Trust Co. v. Life Ins. Co., 160 Tenn., 551, 26 S. W. (2d), 135, 68 A. L. R., 1380; Knox v. Fraternal Aid Union, 1 Tenn. App., 317; McCullough v. Ins. Co., 118 Tenn., 263, 100 S. W., 104, 12 Ann. Cas. 626.

■ We are further of the opinion that the date stipulated in a life insurance policy for the payment of premiums is controlling and that the policy will lapse unless the premiums are paid on those dates, or within the grace period, notwithstanding a provision in the policy or application that the policy does not become effective until payment of the first premium. Cox v. Equitable Life Assurance Society, 22 Tenn. App., 311, 122 S. W. (2d), 823; Juster v. John Hancock Ins. Co., 194 Minn., 382, 260 N. W. 493; Brown v. Mutual Life Ins. Co. of New York, 186 S. C., 245, 195 S. E., 552; Cantey v. Ins. Co., 166 S. C., 181, 164 S. E., 609, and numerous other cases.

■ As a general rule policy contracts will be construed by the courts as they have been mutually construed by the contracting parties. Yowell v. Ins. Co., 141 Tenn., 70, 206 S. W., 334; Craig v. Ins. Co., 184 Ark., 48, 41 S. W. (2d), 769.

■ While it is well settled that insurance contracts must be construed favorably to the insured, whether there is doubt or ambiguity as to the meaning, yet it is equally well settled that the courts will not make a new contract for the parties. United States Stove Corp. v. Aetna Life Ins. Co., 169 Tenn., 264, 84 S. W. (2d), 582; Green v. Fidelity & Guaranty Co., 135 Tenn., 117, 185 S. W., 726; Seay v. Georgia Life Ins. Co., 132 Tenn., 673, 179 S. W., 312, Ann. Cas., 1916E, 1157; Moore v. Life & Casualty Ins. Co., 162 Tenn., 682, 40 S. W. (2d), 403; Knox v. Fraternal Aid Union, 1 Tenn. App., 317.

Among other cases relied upon by appellant is the Arkansas case of Gaugh v. Southern Life Ins. Co., 179 Ark. 842, 19 S. W. (2d), 1013. The question in that case was whether or not the first premium paid on the policy covered the month of March or the month of April. The policy in that case was dated in February. It was delivered on the 28th day of March and contained a provision that the policy would not become effective until delivery, and the further provision that:

"All premiums shall be due on the first day of each calendar month and must be received by the company on or before the last day of each month.

"Payment of premium under this policy will be due on the 1st day of April, 1927, and on the first day of each and every month thereafter."

In that case the court held that the policy which was delivered on the 28th day of March, 1927, expressly provided upon its face that the first premium should be due on the 1st of April, 1927, and that the premium which was paid on the 28th day of March paid the first premium provided for by the terms of the policy and paid the premium for the month of April, 1927. This holding by the court was based upon the policy provision that the premium on the policy should be due on the first day of April, 1927, and monthly thereafter. The court held that the insured had paid the April premium which was the first premium required by the policy at the time of the delivery of the policy on March 28, and that, therefore, the insurance was in force at the date of the insured's death.

That case is readily distinguishable from the case we now have. In the present case the policy is dated May 13, 1935. It is a fifty-five year endowment type of policy. It provides the due date for each quarterly premium and specially states that the quarterly premiums shall be due February 13, May 13, August 13, and November 13 of each year. It provides specifically that the second quarterly premium was due to be paid on August 13, a specific date specifically provided in the policy and mutually understood and construed by the contracting parties.

Appellant cites and relies upon certain cases from the State of Missouri to support the contention here made. However, we do not find that these cases are supported by the weight of authority. Appellant especially relies on the case of Penn Mutual Life Ins. Co. v. Forcier (D. C.), 24 F. Supp., 851. This case was decided by the United States District Court of Missouri and the United States District Judge followed the decisions of the State Courts of Missouri. However, in the case of Rosenthal v. New York Life Ins. Co., 8 Cir., 94 F. (2d), 675, 679, which was a case appealed from the United States District Court for the Eastern District of Missouri, the Court said:

"It is essential that in contracts of life insurance the date when the policy was issued and the dates when premiums are due shall be def-

492

initely fixed, in view of the provisions relative to incontestability, lapse, reinstatement, days of grace, surrender values, loan values, paid-up insurance, extended insurance, and other obligations the definite ascertainment of which must be based upon the date of the issuance of the policy or the dates when premiums are due. If the dates specified in the policy are to be varied to meet the exigencies of each particular case, so that in one the specified date of issue—although not the date when the first premium was paid or the policy delivered—is to be taken to prevent the insurer's contesting the policy, while in another case the date specified is to be ignored in favor of the date when the policy was actually delivered or the first premium actually paid by the insured, so as to extend the coverage of a lapsed policy beyond the date of. death, an uncertain and confusing situation is produced which, while it may bring about in a given case a result believed to be desirable, renders policies of insurance indefinite while should be definite, promotes litigation, and may injuriously affect the rights of other policyholders.''

The court then refers to the case of Williams v. Union Central Life Ins. Co., 291 U. S., 170, 54 S. Ct., 348, 78 L. Ed., 711, 92 A. L. R. 693, wherein Mr. Chief Justice Hughes, speaking for the court, said:

'' 'While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations.' ''

The court then calls attention to other pertinent facts and conditions that will result where courts undertake to write a new contract for the contracting parties. For instance, the court stated:

''It is to be remembered that Modern life insurance involves something more than indemnity in case of death. The insured's contributions build up reserves, surrender values, and loan values, and entitle the insured to dividends. In some forms of life policies, the investment and savings features overshadow death benefits.''

We were also impressed by the further statement made by the court in the case referred to, which is as follows:

''It is a sound and well-established rule that the date of issue of the policy and dates when premiums are due are to be taken as those agreed to by the parties in the policy. . . . As has been pointed out, in many of these cases there is no inconsistency created by the provision of the contract that the insurance shall not become initially effective until the policy is delivered and the first premium is paid. It is true that if the insured dies before the delivery of the policy and the payment of the first premium, his beneficiary will collect nothing. On the other hand, the insurer has received nothing up

to that time, and the purpose of the provision is doubtless to prevent persons who cannot pay for insurance from securing insurance on their lives for short periods without consideration. There is nothing to prevent an insurer and an insured from agreeing that the insurance contracted for shall not take effect until the policy, the written evidence of the agreement, is in the hands of the insured and until the insured has made his initial payment, and that when those events have occurred the policy shall be fully effective from the agreed date of issue for all purposes. This agreement, if the initial premium is paid at a later date than the agreed date of issue of the policy, may result in the insurer receiving compensation for a period during which no liability was imposed upon it. On the other hand, upon delivery of the policy and the payment of the first premium, the insured secures those advantages which flow from having the policy become effective as of the earlier date. This affects the period of its contestability, its loan and surrender values, dividends, and, in some instances, the rate of premium. The provision also affords the insured an opportunity of ascertaining in advance of the payment of any premium whether the policy which is delivered to him is the policy for which he applied and for which he desires to pay.''

It will be observed that the policy here involved shows that the incontestability period, the nonforfeiture provisions, loan values, and other benefits are computed with reference to the date of issuance of the policy as shown on the face of the policy, May 13, 1935, and further, the date on which the endowment contract matures is fixed at fifty-five years after May 13, 1935.

In the case of Juster v. John Hancock Mutual Life Ins. Co., supra, the Supreme Court of Minnesota said [194 Minn., 382, 260 N. W., 495]:

''It is clear that the policy did not become an effective contract until it was delivered to the insured and the first quarterly premium paid. That was fixed as a matter of contract. So the question resolves itself into this: May parties by contract fix and definitely determine the due date of subsequent premium payments? Obviously the parties herein agreed upon a definite premium payment date, March 7, of each year. (If semiannual or quarterly payments were to be made instead of the annual prepayment, the same method of computing time would necessarily obtain.) There can be no doubt that such agreement is valid, absent statutory prohibition.''

██ ██ In the case of Whitney v. Union Central Life Ins. Co., 8 Cir., 47 F. (2d), 861, 864, the same construction was given by the court, and wherein the court said:

''That the effective date of an insurance contract may be antedated to cover the period during which no risk is assumed by the insurer is without question. There is no reason why parties cannot agree that a policy may be antedated, and that the policy shall take effect

from said date agreed upon, for a policy of insurance is a voluntary contract. Nearly any kind of an agreement that is not contrary to law or public policy may be included therein. An insurer may impose such conditions as it desires and the insured can take them or go without the policy, as it may choose. . . . Under the terms of the policy certain privileges and benefits are provided with reference to the policy anniversary. These benefits are based upon the premiums paid. The surrender values and loan values depend upon the anniversary year of the policy. We think these provisions relate entirely to settlements and amounts to be paid, and have nothing to do with the time when the insurance contract goes into effect.''

In the case of Brown v. Mutual Life Insurance Company of New York, 186 S. C., 245, 195 S. E., 552, 558, the Supreme Court of South Carolina stated and held as follows:

''The consensus of the opinions of these cases is that although the application recites that the insurance could not take effect unless the policy should be delivered and received by the applicant and the first premium paid, that if the policy expressly stipulates the date on which the premiums are to be paid, that date must control, regardless of the date on which the delivery was actually made.''

To the same effect is the holding in the Pennsylvania case of McDonough v. Prudential Insurance Company, 85 Pa. Super., 63.

After carefully reviewing and considering the cases cited and relied upon by appellant and appellee on this question, we are constrained to reach the conclusion that the policy here involved had lapsed for nonpayment of premiums at the time of the death of the insured, and hence no recovery can be had. In reaching this conclusion we are not unmindful of the contention made by appellant and earnestly urged upon this court, that the premiums were to be paid in quarterly installments, and the policy was not to become effective until the first premium was paid and the policy actually delivered, and which in the present case was about June 15, 1935.

However, we think the great weight of authority and the sound rule is that the anniversary date of the policy and the specific provision designating the due dates of subsequent premiums, must control. These provisions are definite and specific, and these dates are definitely and specifically set forth in the policy contract. The court will not rewrite a contract of insurance, but must decide the questions in accord with the specific contractual provisions. United States Stove Corp. v. Aetna Life Ins. Co., 169 Tenn., 264, 34 S. W. (2d), 582.

Nor do we see any ambiguity in the language used in the policy for the due date of premium payments. The language is clear, definite, and free from any confusion, and the policy fixes the date for the payment of premiums in no uncertain language, and was accepted by the insured. It is evident from the record that the insured well understood the due dates for the payment of premiums.

It results that the assignments of error are overruled and the decree of the chancellor is accordingly affirmed.

Appellant will pay the cost of the cause, including the cost of this appeal.

Anderson and Ketchum, JJ., concur.