PHILADELPHIA LIFE INS. CO. v. DAUGHERTY et al. No. 1.—
132 S. W. (2d) 224.

Eastern Section.   June 17, 1939.

Petition for Certiorari denied by Supreme Court, October 7, 1939.

H. A. Donnelly and Harry Goodman, both of Mountain City, Dennis Erwin, of Erwin, and Thomas E. Mitchell and D. M. Guinn, both of Johnson City, for plaintiff in error.

Robert L. Taylor and W. E. Miller, both of Johnson City, J. L. Grayson, of Mountain City, and T. C. Bowie, of West Jefferson, N. C., for defendants in error.

AILOR, J.   On March 5, 1921, plaintiff in error issued to Frank C. Daugherty its limited payment life insurance policy in the

principal amount of $5,000, providing for payment of premiums for a period of twenty years or until prior death in the amount of $251.25 annually. The last premium payment on the policy was March 5, 1935. The insured died September 28, 1936. This suit was brought to recover certain benefits claimed to be due by reason of permanent and total disability and also to recover the net proceeds of the policy after deducting loans against same. Excuse for failure to pay premium otherwise due March 5, 1936, is based on certain provisions of the policy relative to waiver of premium payments in case of disability. A trial by the court and jury resulted in a judgment in favor of plaintiffs, and the defendant has prosecuted an appeal in error to this court.

Two controlling issues are raised by assignment of errors. The first and most vital question is the proper interpretation of certain policy provisions relative to permanent and total disability and waiver of premiums. These provisions are as follows:

"If the insured, before attaining the age of sixty years, and after paying one full annual premium in cash, and before default in the payment of any subsequent premium, shall furnish due proof to the Company that he has become disabled by bodily injury or disease, so that he will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, and such disability has existed continuously for not less than sixty days prior to the furnishing of said proof, the Company, by endorsement hereon will grant the following benefits:

"(1). The Company will waive payment of premiums thereafter becoming due under this policy during the continuance of said disability of insured.

"(2). The Company will pay the insured a monthly sum of fifty dollars, the first monthly payment to be made six months after receipt of said proof of disability and subsequent payments monthly thereafter during the continuance of said disability of insured prior to the maturity of this policy."

As above set out the annual premium on the policy was $251.25. Five ($5) dollars of this sum was allocated to the payment for the double indemnity feature of the policy. Fifteen ($15.45) dollars and forty-five cents was allocated to payment for the disability feature of the policy. The full amount of the premium was paid on March 5, 1935, for one year or until March 6, 1936. The insured became sixty years of age on November 15, 1935. And the question for determination is whether or not the disability feature of the policy terminated at this time or whether it continued until the expiration of the policy year for which premium had been paid.

Plaintiff in error insists that all benefits under the disability clause of the policy terminated on the date the insured became sixty years of age. While it is insisted on behalf of the beneficiaries that the pro-

visions of the policy in this connection applied to policy age sixty rather than actual age. This particular question in the form it is presented here has not been before the appellate courts of this state so far as we have been able to find.

At the time the insured applied for insurance with plaintiff in error he signed a written application in which the date of his birth was given. His exact age was known to it at the time it accepted payment on the disability feature of the policy on March 5, 1935, for a full year. It has retained the full amount of the premium so paid and has made no offer to return the pro rata proportion of same to which it was not entitled according to its present position, or the portion chargeable to the time from November 15, 1935, to March 5, 1936. On February 1, 1936, the insured wrote a letter requesting blanks to make application for disability benefits. On February 6, 1936, after the disability feature of the policy had terminated according to the present position of the insurer, the authorized representative of insurer wrote the insured a letter, replying to his request for blanks for making claim. This letter contained a provision as follows:

"The disability clause in this policy will cease on March 5, 1936, next premium date, when you attain policy age sixty years. Therefore, if you think that your condition is such as to entitle you to benefits and desire to make claim the proof should be filed with us prior to March 5, 1936."

Proofs of claim were filed within the time specified in this letter. But the claim was rejected on the ground stated, viz., "From the showing that you have made in support of such claim it does not appear that you are permanently, continuously and wholly disabled, as provided in the policy for the payment of benefits." This letter refusing to pay the benefits for the reasons stated was dated March 6, 1936. On March 13, 1936, the insurer wrote the insured another letter in which it called his attention to the fact that he became sixty years of age on November 15, 1935, and that his claim for disability was not received by it until February 28, 1936. However, a careful reading of this letter does not indicate that the insurance company even then relied upon this fact as a defense. The real position relied upon was that the insured was not disabled within the provisions of the policy so as to entitle him to the benefits.

Plaintiffs base their right to recovery on either of two propositions. The first insistence is that age sixty as specified in the policy meant policy year sixty rather than the actual age of the insured. In this connection it is insisted with great force that the authorized representatives of defendant company interpreted the provisions of the contract as continuing the disability coverage until policy age sixty instead of actual age sixty of the insured. It is insisted that the provisions of the policy, when taken in connection with the written ap-

plication and considered as a whole, clearly indicated that it was not intended that the disability benefits would terminate at the time the insured attained his sixtieth birthday on November 15, 1935, but that it should continue to March 5, 1936. At the time the policy was issued it stated the age of insured as 45, when he was from November 15, to March 5, past forty-five. In other words it is insisted that the actual age was considered only in determining the policy age, which apparently was the actual age nearest to the date of the policy. The portion of the year elapsed in excess of 45 was not taken into account at the time the policy was issued. When time for payment of premium on March 5, 1935, it would have been an easy matter for the insurance company to have determined the pro rata portion of the premium required to carry this provision of the policy to November 15 of that year and to have collected only that amount, if it intended to limit the protection to that date. It knew that the insured would attain his sixtieth birthday on that date. However, it demanded and retained sufficient premium to keep the disability provisions of the policy in force for a full policy year. When the insured asked for blanks to make claim for disability benefits the authorized representative construed the provisions of the policy while in possession of all the facts. The effect of this construction was to differentiate between the actual age of the insured and the policy age so far as the provisions of the policy in question was concerned. This differentiation between actual age and policy age is not completely explained in the record, but the interpretation by the company was that age sixty as embraced in the policy meant policy age sixty instead of actual age sixty, that is, the date of March 5th falling nearest to the date upon which the insured attained his sixtieth birthday. Any other explanation leads to inexplicable contradictions within the provisions of the policy taken in conjunction with the application. We think the interpretation of the policy provisions with respect to the limitation of coverage to mean policy years as stated in the letter to insured was a reasonable interpretation of an otherwise ambiguity or uncertainty in the policy.

The provisions of the policy for payment of premiums by the insured and the payment of benefits by the insurance company are so correlated as to be inseparable. They stand side by side, and standing alone have equal value and involve similar liability. The insured paid premiums based on policy years without regard to his actual age so far as this policy is concerned. The first premium was based on policy age as indicated by the face of the policy and the application, conclusively indicating that there was a distinction between policy age and actual age. The insurance company selected the language employed to express the intention of the parties, and interpreted this language to mean that the coverage continued until March 5, 1936.

██ The rule of construction as applied to contracts in this state where there is any ambiguity in the language used is that a practical construction given by the parties will be adopted by the courts, and that the circumstances surrounding the making of the contract will be taken into consideration in order to arrive at the true intention of the parties, which is the first rule governing the interpretation of contracts. Canton Cotton Mills v. Overall Co., 149 Tenn., 18, 257 S. W., 398; Board of Ed. v. Board of Ed., 160 Tenn., 351, 24 S. W. (2d), 889.

██ We think this rule conclusive of the question under discussion. Clearly there was an ambiguity in this insurance contract when taken in its entirety, as to actual age sixty or policy age sixty terminated liability for disability benefits. The insurer placed a practical construction on the policy provisions, interpreting the provision to mean policy age. This court will adopt that practical construction so placed upon the policy.

It is further insisted on behalf of plaintiffs that the policy provisions remained in force until March 5, 1936, for the reason that the insurer was estopped to deny liability to that date, since it demanded, received and retained premium payments carrying the policy to that date. We think there is possibly merit in this insistence, but we have reached the concluson that the policy provisions, when construed in connection with surrounding circumstances in a practical way, contemplated and provided for coverage until the insured had reached policy age sixty. And since the provisions of the policy are sufficiently comprehensive to attain the ends of justice, it is not necessary to further consider this question of estoppel.

██ The question of disability was submitted to the jury under proper instructions and the jury found that the insured was totally and permanently disabled within the meaning of the policy so as to entitle him to disability benefits. An award of $300 was made for disability benefits. We think there was error in this. The policy provided that in the event of total and permanent disability of the insured, the Company would pay the insured a monthly sum of $50, the first payment to be made six months after receipt of proof of disability, and subsequent payments monthly thereafter during the continuance of the disability and prior to the maturity of the policy. Proof of disability was filed with the Company on February 28, 1936, and the insured died September 28, 1936. Under the terms of the policy no disability payments were due until August 28, 1936, and the policy matured by the death of the insured on September 28, 1936, so that only two payments were due under the terms of the policy, or a total of $100. This is a plain policy provision, and not subject to different interpretation. The judgment must be modified to the extent of $200.

As above set out the policy provided for waiver of further payment

of premiums after proof of total and permanent disability had been furnished. It resulted that the policy was in full force and effect at the time of the death of the insured, and that plaintiffs were entitled to a recovery for the net value of same less the encumbrances upon same by way of loans. There is no dispute about the value of the policy and no question is raised as to the amount of the judgment other than as to disability benefits due.

In arriving at the conclusions we have reached in this case we have given careful consideration to authorities cited on behalf of plaintiff-in-error, especially the case of Cox v. Equitable Life Assurance Soc., 22 Tenn. App., 311, 122 S. W. (2d), 823. A reading of the provisions of the policy in that case discloses that they were entirely different from the provisions of the policy in question in the instant case. It provided that disability benefits should be effective upon receipt of proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after the policy became effective and before its anniversary upon which the insured's age at nearest birthday is 60 years. In addition to the difference in policy provisions between the two cases, there was no question of ambiguity in the language of the policy as a whole and neither was there any question of practical construction of the language of the policy by the parties as in the instant case. It is not our intention to lay down any abstract rule to the effect that policy anniversaries nearest to age sixty of the insured shall in all cases determine the extent of coverage. The extent of our holding is that in the instant case the language employed, in the light of all the facts and circumstances, operated to fix the policy anniversary nearest age sixty of the insured as the time limit of the insurance coverage and not actual age sixty of the insured. Abstract rules should never be employed to defeat justice, when a reasonable interpretation of the language employed in a contract indicates the intention of the contracting parties. The body of the law is a living and growing relationship. Courts do not seek to fit cases into an abstract formula, but seek to apply established rules to a proper solution of questions presented as they arise. This we have sought to do in the instant case. And we conclude that all errors assigned must be overruled, with the provision that the judgment of the lower court will be modified so as to limit the recovery for disability to two months or $100 instead of the sum of $300. The costs of appeal will be paid four-fifths by plaintiff in error and one-fifth by defendants in error.

Portrum and McAmis, JJ., concur.