4-9862                                                         251 S. W. 2d 1010

Opinion delivered October 27, 1952.

*McMillen & Teague,* for appellant.

*Denman & Denman,* for appellee.

Robinson, J. The issue here is whether two life insurance policies were in force at the time of the insured's death. The deciding factor is the due date of the premium. The facts are stipulated, only a point of law being involved. The trial court held the policies to be in force and the Insurance Company has appealed.

On the 21st day of March, 1949, appellant Insurance Company issued to Cedric H. Williams two policies of life insurance in the sum of $2,500 each. The policies were delivered and the first premium was paid three days later on the 24th day of March, 1949. Williams died on the 23rd day of August, 1951. The last monthly premium was paid on July 20, 1951, which was during the 31-day grace period. The grace period began to run again on the 21st or 24th day of July. If the premium was due on the 21st day of July, the policy had lapsed prior to August 23rd, the date Williams died. On the

other hand, if the premium was due on the 24th of July, the grace period had not run out at the time of his death.

The application was made a part of the policies and the applicant agreed: "That the insurance hereby applied for shall not take effect and there shall be no liability hereunder unless and until a first premium, for the form of policy applied for in accordance with the published rates of the company, is paid and the policy delivered to me during my lifetime and good health . . .; that all premiums on any proposed insurance issued hereon, including the first premium, shall be due on the date as specified in the policy irrespective of the date of delivery or of premium payment; and at the payment of any such premium or installment thereof shall not continue the contract in force beyond the date when the next premium or installment is payable as provided in the policy."

It is provided on the face of the policy that the amount stated pays the premium for one year from the date of the policy which is given as the 21st day of March, 1949. Subsequently the premium payments were put on a monthly basis. It is stipulated by the parties as follows:

"The Pyramid Life Insurance Company thereafter periodically sent notice of premium due to the insured. . . . The notices that were sent were, first, a notice of premium due, which was mailed five (5) days before the due date. If the premium was not received, a second notice of premium being past due was sent seven (7) days before the lapse date; thereafter, if the policies were permitted to lapse, a lapse notice was sent on the date of lapsation. All notices of this kind were sent to the assured Cedric H. Williams during the life of the two policies and had on them the due date of the 21st of the appropriate month."

The case at bar is directly in point with and is controlled by *McDaniel* v. *Missouri State Life Insurance Company*, 185 Ark. 1160, 51 S. W. 2d 981. There Chief Justice HART speaking for the court said: "It is true

that the policy itself did not take effect until it was delivered to the insured, and the first premium was paid by him while in good health. If the insured should die prior to the delivery of the policy, liability under the policy would not attach. But the insured, by agreeing that the policy should bear the date of its issuance in the same clause and that all future premiums should become due on such policy date and all extended insurance should be computed therefrom, in express terms, about which there could be no mistake, fixed the date of the policy as the date from which the extended insurance should be computed. The parties were capable of contracting, and made a contract plain and unambiguous in its terms, and courts have no right by construction to give it a different meaning.''

With regard to Arkansas decisions, appellee relies on the case of *Gaugh* v. *Southern Life Insurance Company*, 179 Ark. 842, 19 S. W. 2d 1013. But that case is distinguishable. There, although the policy was issued in February and delivered in March and contained a clause stating that it did not become effective until delivered, it was further specifically provided that the premium was due on April 1st and on the 1st day of each month thereafter. The policy was delivered March 28th and the premium was paid at that time. This court held that the clause fixing April 1st as the due date of the premium referred to the first premium and that the premium was paid two days before it was due.

In the case at bar the policy specifically provides that the first premium keeps the policy in force for one year from the date of the policy which is March 21, 1949. The evidence is convincing that both the Insurance Company and the insured considered the premium to be due on the 21st day of the month. It is stipulated that all notices from the Insurance Company to the insured stated the due date as the 21st day of the appropriate month. It does not appear that the insured ever protested about this date.

The date of the issuance of the policy as provided therein prevails as to the date when the premium is due;

otherwise it would be impossible to determine the due date of the premium by an examination of the policy. In fact, it would always be a question for a jury to determine and neither the Insurance Company nor the insured would know for certain whether the payment of the premium by a given date would keep the policy in force.

Appellee cites *American National Insurance Company* v. *Gregg*, 123 Colo. 476, 231 Pac. 2d 467, which holds contrary to our own case of *McDaniel* v. *Missouri State Life Insurance Company, supra*. The McDaniel case is in line with the weight of authority which is stated in 169 A. L. R. 290 as follows:

"The general rule that when a policy, conditioned to take effect on the payment of the first premium, expressly specifies the date from which the premium period is to be computed and makes that date the day on which the recurring premiums are due and payable, such date must control, regardless of the date on which the policy is delivered." A long list of cases sustaining this view are cited.

Appellee also contends that to hold the premium paying period began March 21st, the date of the issuance of the policy, would be contrary to the law and cites Ark. Stats. § 66-507. This Section of the Statutes deals with insurance companies discriminating between individuals of the same class and is not applicable here.

The judgment is reversed and since the cause appears to have been fully developed, it is hereby dismissed.