IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2006 Session

# SUMNER COUNTY BOARD OF EDUCATION v. CARDEN COMPANY, INC.

### Direct Appeal from the Chancery Court for Sumner County
### No. 2005C-271     Hon. Tom E. Gray, Chancellor

---

### No. M2005-2670-COA-R3-CV - Filed on July 25, 2006

---

In this action, the Trial Court stayed defendant's planned arbitration and defendant has appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Todd E. Panther, Nashville, Tennessee, for Appellant.

James L. Fuqua, Jr., Hendersonville, Tennessee, for Appellee.

### OPINION

The issue in this action is the interpretation of a contract between the Sumner County Board of Education ("Board") and Carden Company, Inc. ("Carden"), regarding the construction of the T.W. Hunter Middle School in Sumner County. The contract is an AIA document, Standard Form of Agreement between Owner and Contractor, with General Conditions, and a Supplement to the General Conditions, which was added by the parties. The Supplement modifies the form Agreement and General Conditions, and is the focal point of this dispute.

The Board filed a Complaint for Declaratory Judgment, after Carden made a demand for arbitration pursuant to the Agreement. The Board averred that all references to arbitration within the Agreement and General Conditions had been deleted by the Supplement, paragraph 4.5, and requested a restraining order to prevent Carden from proceeding with arbitration, until the Court

could determine if arbitration was required pursuant to the Agreement. The Court issued a Restraining Order, and a hearing was held October 14, 2005, where the Trial Court ruled that the supplemental conditions deleted paragraph 4.5 in the General Conditions, and all subsequent portions dealing with arbitration. The Court stated that "herein" means "in this", and referred to the entire contract, not just that paragraph. The Trial Court pointed out that in other provisions, "herein" was used to refer to provisions contained in a different section or paragraph.[1] The Court ruled that since the mediation and arbitration provisions had been deleted, the parties could file an action in court. Further, the Court held the contract was not ambiguous, and that if the parties wanted to agree to mediation and arbitration they could, but were not required.

The issue on appeal is whether the Trial Court erred in ruling that arbitration was not required under the contract?

As this Court has previously explained:

The interpretation of a contract is a question of law. Issues as to interpretation and application of unambiguous contracts are likewise issues of law, the determination of which enjoys no presumption of correctness on *de novo* appellate review. Therefore, the trial court's interpretation of a contract is not entitled to a presumption of correctness under Tenn. R.App. P. 13(d) on appeal. Accordingly, we will review the contractual issues de novo and reach our own independent conclusions regarding their meaning and legal import. When resolving disputes concerning contract interpretation, we are to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language. All provisions in the contract should be construed in harmony with each other, if possible, to promote consistency and to avoid repugnancy between the various provisions of a single contract.

The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles. A primary objective in the construction of a contract is to discover the intention of the parties from a consideration of the whole contract. In construing contracts, the words expressing the parties' intentions should be given their usual, natural and ordinary meaning, and neither party is to be favored in the construction.

The court, at arriving at the intention of the parties to a contract, does not attempt to ascertain the parties' state of mind at the time the contract was executed, but rather their intentions as actually embodied and expressed in the contract as written. All provisions of a contract should be construed as in harmony with each other, if such construction can be reasonably made, so as to avoid repugnancy between the several

---

[1]Arguably, "herein" can be vague, but as employed throughout this agreement its meaning is clear as noted by the Trial Court.

provisions of a single contract.

*Eatherly Const. Co. v. HTI Memorial Hosp.*, 2005 WL 2217078 (Tenn. Ct. App. Sept. 12, 2005)(citations omitted).

A Court is not to make a new contract for the parties, but to enforce the parties' unambiguous contract as it is written. *Berry v. Prudential Ins. Co. of America*, 134 S.W.2d 886 (Tenn. Ct. App. 1939).

The General Conditions of the Agreement are contained in paragraphs 4.5 and 4.6, which deal with mediation and arbitration, respectively. Paragraph 4.5 states that any claim is subject to mediation as a condition precedent to arbitration or to filing suit. Paragraph 4.6 states that claims which are not resolved by mediation shall be subject to arbitration.

The Supplement to General Conditions added by the parties contains the following provision:

DELETE PARAGRAPH 4.5 AND SUBSTITUTE THE FOLLOWING:

4.5 Consent to Law and Venue
4.5.1 All references to Arbitration contained herein are deleted and replaced with the following:
4.5.2 Place of making. The parties agree and acknowledge that this contract is being made in Sumner County, Tennessee.
4.5.3 Consent to Law. It is agreed that the law of the State of Tennessee shall govern this Contract, and any disputes arising therefrom.
4.5.4 Consent to Venue. The parties agree and consent to venue in Sumner County, Tennessee for any and all disputes arising between the parties concerning this Contract. The Contractor weighs [sic] any objection to venue in Sumner County, Tennessee.

According the language of this provision its "usual, natural, and ordinary meaning", requires deletion of the entire paragraph 4.5 of the General Conditions dealing with mediation, and replacement of the same with the above numbered provisions. The dispute thus becomes whether the word "herein" refers to the contract as a whole, as the Board contends, or just to this particular paragraph, as Carden contends.

As the Trial Court found, the Board's position is the only one that makes sense, as the paragraph, once replaced, does not contain any references to arbitration. Thus, if "herein" only refers to this paragraph, it would be illogical, because it would purport to "delete" references to arbitration that do not exist in the first place. As the Board concedes, it might have been a bit more clear to simply delete paragraphs 4.5 and 4.6, but when the original paragraph 4.5 is deleted and the above language inserted, it negates paragraph 4.6 as well.

Carden argues that arbitration is favored in Tennessee and that the arbitration provision should be enforced. Carden further argues that construing the word "herein" to refer to another paragraph besides the one it is contained in is inconsistent with its use in the rest of the document. However, as previously stated, construing the word "herein" to refer only to the paragraph it is contained in would not give intent to the terms of the Contract, and it would serve no purpose whatsoever, or would attempt to specifically delete something that does not exist. Carden also argues that it is unreasonable to presume that the parties would agree to "eliminate binding arbitration with a back-handed modification to the mediation provisions contained in paragraph 4.5. They would simply delete paragraph 4.6." As previously explained, while expressly stating that paragraph 4.6 was deleted could have been better draftsmanship, it does not render the meaning of the substituted paragraph 4.5 any less forceful. All references to arbitration were deleted by the wording of the new paragraph 4.5.

Finally, Carden argues this provision at best renders the agreement ambiguous, and as such, it should be construed against the Board. As we have stated, however:

> If the language is clear and unambiguous, the literal meaning of the language controls the outcome of the dispute. A contract is ambiguous only when its meaning is uncertain and may fairly be understood in more than one way. If the contract is found to be ambiguous, we then apply established rules of construction to determine the intent of the parties. Only if ambiguity remains after applying the pertinent rules of construction does the legal meaning of the contract become a question of fact.

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693 (Tenn. Ct. App. 2005)(citations omitted).

The only reasonable interpretation is that the word "herein" applies to the entire contract, and not just to the substituted paragraph 4.5. We hold the intent of the parties was to delete all requirements for mediation and arbitration. We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Carden Company, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.