JAMES M. BEAN *v.* AETNA LIFE INS. CO.

(*Knoxville.*    September Term, 1903.)

1. **INSURANCE POLICY.** Construction of repugnant provisions. General rule. Chief purpose prevails.

Where two clauses of a contract are so totally repugnant that they can not stand together, the first governs rather than the last, and especially should this rule of construction prevail when it appears that the first clause expresses the chief object and purpose of the contract. (*Post, pp.* 189-192.)

Cases cited: Bank v. Wilkin, 95 Wis., 111; Green Bay, etc., Co. v. Hewitt, 55 Wis., 96; Hartung v. Witte, 59 Wis., 285; Straus v. Wanamaker, 175 Pa., 213.

2. **SAME.** Same. Case in judgment.

Defendant insurance company issued to complainant an accident policy purporting to insure him for a period of twelve months from noon of October 25, 1901. By a subsequent clause it was provided that said policy should not cover any disability from any disease contracted within fifteen days from noon of the day the policy bore date.

*Held*: The second clause being irreconcilably repugnant to the first provision, expressing the chief purpose of the contract, is therefore void. (*Post, pp.* 187-192.)

---

FROM HAWKINS.

---

Appeal from the Chancery Court of Hawkins County. —HUGH G. KYLE, Chancellor.

WOLFE & TARTER, for Bean.

SMITH & CARSWELL, for Insurance Co.

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action brought in the chancery court of Hawkins county on a policy of insurance which contained, among other things, the following provisions:

"Aetna Life Insurance Co., of Hartford, Conn., Special Health Policy; Weekly Indemnity, $5.00; Premium, $2.00.

"In consideration of the warranties made in the application for this insurance, which is hereby referred to and made a part hereof, and of the sum of $2.00, does hereby insure James M. Bean, of the town of St. Clair, county of Hawkins, State of Tennessee, under classification preferred, being a minister by occupation, for the term of twelve months from noon of the twenty-fifth day of October, 1901.

"Temporary Disability:  In the sum of $5.00 per week, against loss of time for the period of not less than seven days, nor more than twenty-six weeks, during which he shall, independently of all other causes, be continuously and wholly disabled and prevented by acute meningitis, anthrax, appendicitis, apoplexy, asiatic cholera, brain fever, carbuncle, cerebro-spinal meningitis, chicken pox, diabetes, diphtheria, epilepsy, erysipelas, hydrophobia, malignant pustule, measles, mumps, peritonitis, pleurisy, pneumonia, scarlet fever, varioloid, yellow fever, from transacting any and all kinds of business pertaining to his occupation above stated."

Then follow provisions concerning permanent disability, which need not be quoted here.

The policy then contains a provision, under the form of a condition, that the insurance begins and ends at 12 o'clock noon; another, "that the insurance does not cover temporary or permanent disability resulting from voluntary or unnecessary exposure to contagion or infection, nor from any disease resulting directly or immediately from the use of intoxicating liquors, or narcotics, nor from any disease or sickness other than those specified above, nor from any disease or sickness for which the insured is not regularly treated by a physician, nor from any disease or sickness resulting from a surgical operation, or contracted during war, or while engaged in military or naval service."

Then follows this provision: "3. This insurance does not cover disability, temporary or permanent, from any disease if contracted within fifteen days from noon of the date of this policy," etc. The policy was dated October 25, 1901.

The bill alleges, upon the subject of plaintiff's illness, that on November 2, 1902, after taking out the insurance, "This complainant took down sick with diabetes, and was disabled by reason of said disease from pursuing his regular occupation or profession as a minister, or any other work or business, for pleasure or for profit, for at least twenty-six weeks, and continued in a weak and delicate state of health on into the following sum-

mer." For this illness the complainant sues and claims $130, that is, for twenty-six weeks, at $5 per week.

Numerous defenses were made by the demurrer, but we need not consider any of them, except in so far as they raise the question that the complainant could not recover because he contracted the disease of diabetes—one of the diseases insured against—within fifteen days, above mentioned in the last quotation from the policy.

Of course, if this clause of the policy is valid, the demurrer must be sustained. It is insisted, however, that it is repugnant to a prior clause which expresses the main purpose of the contract, and should be rejected.

When two clauses of a contract are in conflict, the first governs rather than the last. *Wis. Marine, etc., Bank* v. *Wilkin,* 95 Wis., 111, 69 N. W., 354, 60 Am. St. Rep., 86, citing *Green Bay, etc., Company* v. *Hewett,* 55 Wis., 96, 12 N. W., 382, 42 Am. Rep., 701; *Hartung* v. *Witte,* 59 Wis., 285, 18 N. W., 175; 2 Parsons on Contracts, 513. In the case referred to, the court says, after stating the principle: "This is based on a very long and well established rule stated by Blackstone, in book 2 of his Commentaries, page 381: 'If there be two clauses so totally repugnant that they cannot stand together, the first will be received, and the last rejected.' To the same effect are Chitty on Contracts (11 Am. Ed.), 128, and *Straus* v. *Wanamaker,* 175 Pa., 213, [34 Atl., 648.] In the last citation the contract contained a distinct guaranty of fifty per cent. profit on a trans-

action between the parties, followed by a clause, the literal effect of which was to limit or partially destroy such guaranty. The court said: 'The obvious method of construing such a contract is to hold that the parties clearly stated their purpose in the beginning.'" See, also, authorities cited in a note to the above-mentioned case [60 Am. St. Rep., 86]. In this note it is said that the elementary rule above stated, that, when two clauses of a contract are in conflict, the first governs rather than the last, may not always apply as worded, unless the instrument is formally and systematically drawn, as in the case of deeds, which are construed by the same rules as simple contracts; that, in cases of instruments irregularly drawn, it is probably more in consonance with authority to say that if clauses of a contract are repugnant, that one which expresses the chief object and purpose of the contract must prevail, while clauses containing provisions subordinate to the chief object and purpose of the contract must give way.

Further discussing the subject, it is said in the case of *Wis. Marine, etc., Bank* v. *Wilkin,* supra: "The law is so settled on the subject that it cannot be contended but that, if the last clause of the contract is so repugnant to the first that both cannot stand, the first must be taken as expressing the contract between the parties. But it is contended that a proviso merely limiting a previous clause of a contract, without destroying it, is not void, but must be considered as incorporated into and forming a part of the clause which it limits. On

this, *Williams* v. *Hathway,* L. R., 6 Ch. Div., 544, is cited, and to that may be added *Chase* v. *Bradley,* 26 Me., 538; *Jackson* v. *Ireland,* 3 Wend., 99; *Butterfield* v. *Cooper,* 6 Cow., 481. Indeed, that is elementary. Wharton on Contracts, section 873; 1 Addison on Contracts, 186; Story on Contracts, section 810. 'But,' says Judge Story, 'if the subsequent stipulation of the contract should restrict what was distinctly stated, and constitutes a principal inducement to the contract, it will be of no effect.' That is really what is decided in *Williams* v. *Hathway,* L. R., 6 Ch. Div., 544. 'The distinction,' says Jessel, M. R., 'has always been taken between a proviso which is repugnant to the covenant and therefore void, and a proviso which can be incorporated into the covenant and be consistent with it.' He limits the rule, that a proviso limiting a previous covenant may stand as an essential part of the contract, to such as may be reasonably considered as incorporated into and forming a part of the covenant, hence not repugnant to it. That is in perfect accord with the rule laid down by Judge Story to the effect that, 'if the subsequent clause contradicts what was distinctly stated, and constitutes a principal part of the contract, it has no effect upon it.'"

Now, to apply the principle to the present case, the first clause of the contract purports to insure the complainant for the period of twelve months from noon on the twenty-fifth day of October, 1901. The objectionable clause cuts down the term from twelve months to eleven and a half; that is, takes off fifteen days. Here

is clear repugnancy, which no sort of construction can reconcile. We therefore hold that this clause must be rejected, and that on the face of the bill the complainant is entitled to recover. The decree of the court of chancery appeals holding otherwise must therefore be reversed, and the cause remanded to the chancery court of Hawkins county for further proceedings.