COMMERCIAL UNION INSURANCE COMPANY

*v.*

UNIVERSAL UNDERWRITERS, INC.

442 S.W.2d 614.

(*Knoxville,* September Term, 1968.)

Opinion filed June 9, 1969.

Opinion on Petition to Rehear Denied August 27, 1969.

Josiah Baker, Chattanooga, of Goins, Gammon, Baker & Robinson, Chattanooga, of counsel for appellant.

Alvin Y. Bell, Chattanooga, of Noone, Moseley & Bell, Chattanooga, of counsel, for appellee.

Mr. Chief Justice Burnett, delivered the opinion of the Court.

This is a declaratory judgment action between two insurance companies. It was tried on the stipulation of facts. The Chancellor held that the appellee-complainant, Commercial Union Insurance Company, was entitled to a judgment against the defendant-appellant, Universal

Underwriters, Inc., for a pro-rata amount of the judgment as sued for.

One, Marie Porter, who was insured by the appellee company was loaned an automobile by Charlie Walters of Walters Ford Company, which company was insured by the appellant insurance company, and, while driving the car with the permission of the Walters Company, she had a wreck injuring one Rigsby personally and damaged her automobile. As a result of this wreck Rigsby sued Porter and Walters for personal injuries and property damages. The two insurance companies defended their respective insureds, but the appellant company, who insured Walters, refused to pay any part of the judgment against Porter. The appellee who insured Porter settled the lawsuit for the sum of $2,500.00 plus court costs.

After this settlement, and no contribution was made by Walters' insurance company, the present suit was brought. The stipulations shows that Marie Porter had a policy of insurance with the appellee company with limits of 10/20/5 while the Walters Company policy with the appellant was 100/300/10 and both policies were in force on July 26, 1963, when Porter had this wreck.

The appellant's policy, that is Walters' policy, was a comprehensive liability policy which provided that it not only covered the named Walters and his company but also any person driving an insured automobile with the permission of Walters and any person legally liable for its use. An endorsement to this policy, however, amended the definition of the insured originally contained in the policy so as to include thereunder only the following other persons:

"(1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as

such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and

"(2) any partner, or employee or director thereof or a member of the household of the named insured or such partner or employee or director or stockholder while using an automobile covered by this policy or when legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and

"(3) any other person or organization legally responsible for the use thereof only while such automobile is physically operated by the named insured or any such partner or employee or director or stockholder, or member of the household of the named insured or partner or employee or director or stockholder, provided the actual use of the automobile is by the named insured or with his permission."

It is stipulated that Porter is not an employee, partner, director or stockholder of Walters and had no financial interest in Walters' business; she was not a member of the household of any partner, employee, director or stockholder thereof or anything to bring her under this insurance clause, but, of course, she was responsible personally for the use of Walters' vehicle and was driving it with his permission, that is, the permission of the named insured.

The appellee's policy contains a provision following "other insurance" that other insurance with respect to non-owned automobiles shall be "excess insurance" as the term is known in the trade.

The other provision in the appellant's policy as to bodily injury and property damage coverage provides that:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance against such loss."

The Chancellor held that Porter was the insured under the definitions of that word in defendant's policy because she was "a person legally responsible for the use" of Walter's automobile and was using it with his permission. It is not necessary to comment on this one way or the other, because we have determined that another reason which he applied is sufficient since we find after reading all the cases cited in these two able briefs that the questions presented under these contracts of insurance are rather comprehensive and have been decided by the courts over the United States in various and sundry ways. The language hereinabove quoted from appellant's policy of the additional insureds taken by the addendum thereto has been directly before many of the courts. In some of the courts this language has been taken up word for word, and it has been determined that it is not ambiguous. *Orth v. Universal Underwriters Ins. Co.* [the appellant herein], 9 Cir., 284 F.2d 857. We say this because if this language, quoted above, about these additional insureds was ambiguous then, of course, it would go back to the original clause which was referred to before this amended insurance clause was put in this policy, and then Marie Porter would be an additional insured under this omnibus policy, and this company would thus be liable.

■ We think though that clearly the second reason of the Chancellor why this provision is void is the fact that, as he points out, our financial responsibility legislation as enacted in the Code, sec. 59-1201, T.C.A., sec. 59-1240, T.C.A., and particularly under sec. 59-1223, T.C.A., contained a part of all insurance policies issued and approved by the appropriate parties of this State.

In this section it is provided in part that:

"(a) Certification. A 'Motor vehicle liability policy' as the term used in this chapter shall mean an 'owner's policy' or 'operator's policy' or liability insurance, certified as provided in sec. 59-1221 or sec. 59-1222 as proof of financial responsibility, and issued, except as otherwise provided in sec. 59-1222 by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as the insured.

"(b) Owner's Policy. Such owner's policy of liabilty insurance:

(1) shall designate by explicit description or by appropriate reference all vehicles with respect to which coverage is thereby to be granted; and

(2) shall insure the person named therein and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles within the United States of America or the Dominion of Canada, subject to the limits exclusive of interest and cost with respect to such vehicle, as follows: * * *.''

Obviously this language of the financial responsibility act provides that any of these policies, and particularly the policy of the appellant herein, "shall insure the person named therein and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, * * *." This record shows without exception that this woman was using this car insured by the appellant with the owner's permission.

It is stipulated in this record that this woman was not a partner, or any of those things set out in this amended coverage provision, above quoted, to this policy, and that "At the time this accident occurred defendant's policy was on file with and had been approved by the Department of Insurance and Banking of the State of Tennessee."

■ This, thus, in effect brings the appellant's policy within this State under the holding of *Wildman v. Government Employees' Ins. Co.*, 48 Cal.2d 31, 307 P.2d 359, which holds that under the California law these statutes ought to be read into every automobile liability policy effective in that state. There are numerous California authorities holding likewise, and we clearly feel that in view of the language of this policy this takes it out of such decisions as *Lynch-Davidson Motors v. Griffin*, 182 So.2d 7 [Supreme Court of Florida]; and *Moyer, Admrx. v. Aron,* 175 Ohio St. 490, 196 N.E.2d 454, and the requirements as shown by those cases, because here this policy has been filed with the Department of Insurance and Banking of this tSate and it thus becomes a part of the laws of this State.

This likewise inferentially results in the same reasoning as applied in *Maryland Casualty Co. v. Burley,* 4 Cir.,

345 F.2d 138, which held that a clause in an automobile liability policy limiting coverage of permissive drivers providing that they would be covered only when they did not have other valid and collectible insurance and that this was violative of a Virginia statute requiring that liability insurance includes any person responsible for the use of the vehicle with the consent of the named insured. We have read every case, some of them more than once, cited by both parties herein, and, after spending several days doing so, have concluded that unquestionably this is the most reasonable and salutary conclusion to reach under the factual situation as developed in this lawsuit.

There is some question raised by the appellant that the policy was not certified as evidence of the owner's financial responsibility under our financial responsibility law. We think though in view of what the statute says and the stipulation that it was approved by the Department of Insurance and Banking and the fact that this question was not presented in the pleadings one way or the other before and the party went on and defended or started to defend before this lawsuit was settled, the lawsuit of Rigsby against Porter and Walters, that this is sufficient.

█ Finally, it is argued in the briefs, and was very forcibly argued in the hearing of this lawsuit, that the recovery should not be based on proration but should be only as to the amount required by the Financial Responsibility Act, rather than the actual amount of the defendant's coverage as a factor calculating the share of the liability. The appellant cites *United Services Automobile Ass'n v. Hartford Accident & Indemnity Co.*, 222 Tenn. 168, 433 S.W.2d 850, as authority therefor. We, after again reading this case, do not think that it is

authority for this position, as the policy involved in the case referred to contained a provision specifically adopting the minimum limits of the act when there was other insurance. This question is annotated at length in a number of interesting annotations and particularly the one applicable to the policy here, 76 A.L.R.2d 502, page 512. Likewise the question is well covered in 7 Am.Jur.2d, beginning at page 544, sec. 202 of that work. It is said at page 544 of Am.Jur., supra, that many cases have arisen involving conflict "between insurance policies both of which purport to restrict or escape liability for a particuar risk in the event that there is other insurance. Such conflicts have arisen, under automobile liability policies covering the same risk, in the following situations: (1) where one of the policies contains an 'excess insurance' clause and the other contains a 'pro rata' clause; * * *." We stopped the quotation there because of the policies we have under consideration here. The appellee's policy has an "excess insurance" provision, while in the policy of the appellant there is a "pro rata" clause.

Then in American Jurisprudence it is said further with reference to this question:

"In the first situation mentioned above—that is, where one of the policies contains an 'excess insurance' clause and the other a 'pro rata' clause—and the 'excess insurance' clause pertains to nonownership coverage, the conclusion is generally reached—no matter how various the reasoning adopted in support of it in the different cases may be—that the policy issued to the owner of the vehicle is the 'primary' policy, and the company issuing it is liable up to the limits of the policy without apportionment. Apportionment has also

been denied where the vehicle owner's policy contained an 'excess insurance' clause and the nonowner's policy contained a 'pro rata' clause, with the result that the latter's insurer was compelled to assume the entire loss. But on the theory that where two automobile liability policies cover the same loss, and they contain conflicting or inconsistent 'other insurance' provisions, such provisions cancel each other and the situation is the same as it would be if neither policy provided for other insurance, it has been held in a few cases that apportionment is the equitable solution of the problem where an 'excess insurance' clause in one policy conflicts with a 'pro rata' clause contained in another." [Citing a number of cases.]

We have read these cases and think that the case of *Lamb-Weston, Inc. v. Oregon Auto Ins. Co.*, 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485, is one of the best reasoned cases on this question and so far as here concerned we adopt the reasoning of that case where the matter was prorated in view of the two policies herein as done by the Chancellor and think that unquestionably he is correct.

It results, therefore, that the decision below is affirmed.