HENRY MERLIN WINECOFF, JR., Appellee,

*v.*

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

444 S.W.2d 84.

(*Nashville*, December Term, 1968.)

Opinion filed July 18, 1969.

Opinion on Petition to Rehear filed August 29, 1969

JOSEPH G. CUMMINGS, Nashville, for appellant.

GRACEY, BUCK, MADDIN & COWAN, Nashville, for appellee, HUGH C. GRACEY, Nashville, of counsel.

MR. JUSTICE CRESON delivered the opinion of the Court.

Nationwide Mutual Insurance Company appeals to this Court from a decree of the Chancery Court of Davidson County sustaining the allegations of the original bill for a declaratory judgment filed by Henry Merlin Winecoff, Jr.

Hereinafter, reference will be made to the parties as they appeared in the trial court; that is, Henry Merlin Winecoff, Jr. as complainant, and Nationwide Mutual Insurance Company as defendant.

Complainant resided in North Carolina on November 12, 1964. On that date defendant issued to complainant a liability insurance policy with coverage for two vehicles for six months. The limits of liability were (1) $5,000.00 for injury to one person and (2) $10,000.00 for injuries in any one accident. This policy contained the following provision:

"This policy does not comply with motorists' financial responsibility laws unless there is a premium charge shown for Coverages D and E."

Premium charges were shown on the face of the policy for coverages D and E, as mentioned above. The policy also contained the following provision with reference to financial responsibility laws:

"When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such

insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

In the same month that the policy was issued in North Carolina complainant moved to Nashville, Tennessee, where he purchased a home and has continued to reside.

On May 11, 1965, complainant mailed to defendant a check for $58.10 in response to a bill for a renewal premium sent him by defendant and also completed a "change of address form" appearing on the reverse side of the premium notice. Defendant received the check and notice of the change of address on May 17, 1965.

The parties stipulated that, upon receipt of the check and notice of change of address, defendant "set in motion its inter-region transfer procedure * * *" The entire premium collected was sent to Memphis, Tennessee, "in order that new policies might be issued to complainant covering his two vehicles previously covered in one policy."

On May 26, 1965, complainant's wife was involved in an automobile accident which resulted in serious injuries and exposed complainant to possible liability greater than $5,000.00. The accident was promptly reported and defendant undertook investigation of the mishap.

Between the date of the accident and June 29, 1965, defendant sent complainant a bill for an additional premium in the amount of $18.50 for increase of complainant's coverage to (1) $10,000.00 for injury to one person and (2) $20,000.00 for injuries in any one accident.

Defendant issued two policies, at Nashville, each of which stated the policy period under Item 3 thereof: "From 6/18/1965 to six months following 5/12/1965." These policies contain the following language:

"This policy does not comply with motorists' financial responsibility laws of your state unless there is a premium charge shown for Coverages C(1) and C(2) in Item 5."

The policies reveal that premium charges were made for C(1) and C(2) in Item 5. With regard to financial responsibility laws these policies contain the following further provision:

"The limits of the Company's liability under Coverages C(1) and C(2) shall comply with the limits of liability required by any applicable motor vehicle financial responsibility law.

When certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this Policy under Coverages C(1) and C(2) shall comply with the provisions of such law to the extent of the coverage required by such law."

Complainant filed an original bill for a declaratory judgment, praying for a declaration of the rights of the parties and, in particular, for a declaration that complainant is entitled to insurance coverage of $10,000.00

with regard to the automobile accident which occurred May 26, 1965.

The answer of defendant admitted the allegations of fact contained in the original bill, but denied that the insurance coverage provided at the time of the accident was greater than $5,000.00 for injury to one person.

The case was heard in the trial court upon argument of counsel and stipulation of facts, as set out above. In a memorandum opinion, the trial court found the renewed policy; that is, the policy issued in Nashville, Tennessee, "ambiguous in its period of coverage" and ruled that such part of the policy "should be construed strictly against the company." The trial court sustained the allegations of the original bill and entered a decree which is, in part, as follows:

'that it was the duty of the defendant, Nationwide Mutual Insurance Company, to provide insurance coverage to the complainant, Henry Merlin Winecoff, Jr., as of the date of the accident, May 26, 1965, with limits of $10,000 for injury to any one person and $20,000 for injuries arising out of any one accident, and that the complainant was, therefore, insured by the defendant as of the date of the accident May 26, 1965, with limits of $10,000 for injury to any one person and limits of $20,000 for injuries arising out of any one accident.

Defendant excepted to the decree and perfected an appeal to this Court. Five errors have been assigned on appeal. They are, in substance, that the trial court erred (1) in sustaining the original bill, (2) in ruling that it was the duty of defendant to insure complainant to the extent promised in the financial responsibility section of the North Carolina policy, (3) in ruling that the policy

period of the Tennessee policy is ambiguous and should be strictly construed against defendant, (4) in ruling that defendant had a duty to notify complainant if defendant did not intend to provide coverage to meet statutory requirements, and (5) in ruling that it was the duty of defendant to provide complainant with insurance coverage of $10,000.00 for injury to any one person, and $20,000.00 for injuries arising from any one accident.

As stated, the essence of the opinion of the trial court is that ambiguity exists as to the time of coverage of insurance policies under examination.

■■ The period of insurance coverage of the policy issued in Tennessee "From 6/18/1965 to six months following 5/12/1965," while undeniably complex, cannot, we think, be said to be ambiguous. It seems plain to us that the date of the policy is June 18, 1965, but it is equally plain that the period of coverage bought and paid for is the six months' period beginning May 12, 1965.

■ There is, under Tennessee law, no obstacle to the relation back of insurance protection from the "effective date" of an insurance policy to an antecedent time. See *Bean v. Aetna Life Ins. Co.* (1903), 111 Tenn. 186, 78 S.W. 104; *Berry v. Prudential Ins. Co. of America* (1939), 23 Tenn.App. 485, 134 S.W.2d 886, and *McKee v. Continental Ins. Co.* (1950), 191 Tenn. 413, 234 S.W.2d 830, 22 A.L.R.2d 980.

It thus appears that there is no ambiguity with regard to the time of coverage of the insurance policy.

■ It is the duty of the Court, where there is no ambiguity, to take the ordinary meaning of the words used, favoring neither party in their construction. Creation of an ambiguity where none exists is not authorized by the

rule requiring construction of the language of an insurance policy most strongly against the insurance company. *Brown v. Tennessee Auto. Ins. Co.* (1951), 192 Tenn. 60, 237, S.W.2d 553; *In re Estate of Clement* (1967), 220 Tenn. 114, 414 S.W.2d 644.

It is appropriate to state at this point that there is no disagreement but that complainant had insurance protection of $5,000.000 on May 26, 1965. The question to be resolved is whether or not complainant on that date, had insurance coverage of $10,000.00 under the pertinent provisions of his insurance policies, including reference to Tennessee's financial responsibility laws.

Manifestly, all the insurance policies here under scrutiny undertook to "comply" with the financial responsibility law. Each policy contains language to the effect that if certain premium charges are shown, the policy would "comply with Motorists' Financial Responsibility Laws." Each policy shows on its face that such premium charges were made.

The Financial Responsibility Law of Tennessee, T.C.A. secs. 59-1201 to 59-1240, and particularly T.C.A. secs. 59-1204 to 59-1206, is similar to that of most American jurisdictions. The effect of the statute is to deny to the owner or operator of a motor vehicle the privilege of using the highways of Tennessee after such owner or operator has been involved in an accident, unless such owner or operator shall give and maintain proof of responsibility. T.C.A. sec. 59-1204. The provisions of T.C.A. sec. 59-1204 do not apply to an owner or operator who had in effect, at the time of the accident, an automobile liability policy. T.C.A. sec. 59-1205(a), (b). Under T.C.A. sec. 59-1206, no insurance policy shall be effective under T.C.A. sec. 59-1205:

"* * * unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and cost, of not less than ten thousand dollars ($10,000) because of bodily injury to or death of one (1) person in any one (1) accident, and, subject to said limit for one (1) person to a limit of not less than twenty thousand dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and if the accident has resulted in injury to, or destruction of, property to a limit of not less than five thousand dollars ($5,000) because of injury to or destruction of property of others in any one (1) accident."

The purpose of the above-described enactment is to provide a modicum of financial protection to the public from injury arising from operation of motor vehicles upon the highways of Tennessee.

The insurance policies here under examination recite that they "comply" with the Financial Responsibility Law. But defendant insists that the coverage provided is $5,000.00 for injury to any one person. It is apparent that complainant could not avoid revocation of his privilege of using Tennessee highways, were the policies to be read according to defendant's insistences. As stated, the intent of the Legislature is to protect the public from injury by requiring a showing of financial responsibility, or alternatively, by keeping persons unable or unwilling to show such responsibility off the highways.

Construing the reference to the financial responsibility law contained in the policies, we think defendant agreed to provide complainant with that amount of insurance coverage deemed by the Legislature to constitute a show-

ing of sufficient financial responsibility to avoid revocation of complainant's privilege of operating a motor vehicle.

The insistence of defendant that complainant's coverage was only $5,000.00 for injuries to any one person directly conflicts with the language of the policy that the coverage provided "complies" with the Financial Responsibility Law. The policy provision referring to the financial responsibility law must be assumed to have been inserted for a purpose. We are constrained to the view that coverage commensurate with that amount required in the Financial Responsibility Law must be in effect in order to prevent application of the revocation provision of T.C.A. sec. 59-1204; otherwise, the policy provision is meaningless.

Examination of the record in the instant case and resolution of the questions presented has occasioned scrutiny of many authorities. Such authorities, in cases where provisions of insurance policies refer to financial responsibility laws, disclose variant results.

However, we are of opinion that the reference to Tennessee's financial responsibility law contained in the policies issued by defendant to complainant operates to incorporate by reference the provisions and minimal coverage of such law.

After considerable research of the case authorities and texts, we are convinced that probably the most lucid statement of proper application of financial responsibility laws is found in 12 Couch on Insurance, secs. 45: 700 et seq. (2d Ed.—1964), and particularly the following:

"In order to avoid the need for modifying an existing contract of insurance or executing a new one whenever the insured becomes subject to a financial responsibility act, the insurer issuing a liability policy may specify therein that the policy shall be deemed to meet the requirements of any responsibility act which may be applicable. Such a provision is given effect according to its terms, so that the policy is deemed to contain the terms of any financial responsibility act which is applicable thereto." 12 Couch, supra, sec. 45:715

For the reasons above stated, the decree of the Chancery Court of Davidson County is affirmed. Costs of this appeal are taxed to appellant, Nationwide Mutual Insurance Company.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.

### OPINION ON PETITION TO REHEAR

MR. JUSTICE CRESON.

In this case we are presented with a petition to rehear.

Examination of the petition and argument reveals no more than a reargument of the theories and contentions considered and disposed of by the trial court and this Court in its original opinion. After reconsidering the original opinions and the briefs, we are content with our opinion and convinced that it enforces the intention of the parties as expressed in the language used. In material respects, the petition fails to meet the requirements of Rule 32 of this Court.

For the reasons stated, the petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.