WILLIAM R. McMANUS, Appellant,

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE Co., Appellee.

463 S.W.2d 702

(*Knoxville,* September Term, 1970.)

Opinion filed February 16, 1971.

Dennis L. Babb, Knoxville, for appellant.

Ray L. Jenkins, Knoxville, for appellee.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case, filed under our Declaratory Judgment Statute, T.C.A. sec. 23-1101, et seq., comes to this Court from the action of the chancellor in sustaining a demurrer dismissing the bill. In this opinion the parties will be referred to as was their status in the trial court; that is, William R. McManus as complainant, and State Farm Mutual Automobile Insurance Company as defendant.

Complainant, the owner of a certain Ford truck, is the named insured in a public liability policy issued by defendant covering said truck, which policy was in force when the following events are alleged to have occurred.

On May 27, 1969, complainant was having some welding done on the truck by one, E. L. Walker. During the

process of this welding, while complainant was holding a metal frame for a trailer hitch against the lower surface of the truck, E. L. Walker negligently touched the gas tank of the truck with his welding apparatus, causing a sudden fire resulting in serious and permanent damages to complainant. Complainant has filed suit in the Circuit Court against E. L. Walker for said injuries and damages.

The bill prays for the following relief:

That complainant have a declaratory judgment decreeing that the insurance contract in question affords liability coverage and that under the terms of the contract State Farm Mutual Automobile Insurance Company be required to defend the Circuit Court suit by William R. McManus against E. L. Walker and to pay any judgment given against said E. L. Walker all in accordance with their contract of insurance as aforedescribed.

This policy does provide coverage for anyone using the Ford truck with the permission of the insured and no argument is made on this point. Defendant demurred on the ground the policy afforded no coverage under these facts due to the following provision in the policy:

EXCLUSIONS—SECTION I.

This insurance does not apply under: * * * (h) coverage A, To bodily injury to any insured or any member of the family of an insured residing in the same household as the insured; * * *.

Complainant insists this exclusionary clause in the policy is void on the following ground: That said policy is on file and has been approved by the Commissioner of

Insurance and Banking for the State of Tennessee. That as a result our Financial Responsibility Statute is incorporated in the policy and this exclusionary clause is void, being in conflict with this statute, especially T.C.A. sec. 59-1223. In support of this position complainant cites *Commercial Union Ins. Co. v. Universal Underwriters,* 223 Tenn. 80, 442 S.W.2d 614 (1969).

Our Financial Responsibility Statute is carried as T.C.A. sec. 59-1201 through 59-1240.

In the construction of this statute we can better ascertain the intention of the Legislature by examining the statute in its entirety, taking into consideration facts which induced the law and the evils to be remedied. *First National Bank v. Howard,* 148 Tenn. 188, 253 S.W.961 (1923).

There were at the time of the enactment of this statute, and are now, a great many accidents involving vehicles on our streets and roads, resulting in losses suffered by many without compensation since the party at fault was often lacking in financial responsibility. In dealing with this evil, under this statute, it is apparent the Legislature stopped short of requiring public liability insurance as a condition precedent to the owning or operating of a motor vehicle. The sanctions of this statute are not involved unless and until the owner or operator is involved in an accident resulting in bodily injuries or property damage in excess of $100.00; until such occurs a person is at liberty to own and operate a motor vehicle without any insurance coverage or with as little insurance coverage as desired.

Under T.C.A. sec. 59-1203, the operator of a motor vehicle involved in an accident in this State resulting in

bodily injuries or property damage in excess of $100.00 is required, within ten days, to file a written report of such accident with the Commissioner of Safety, which report shall contain sufficient information to enable the Commissioner to determine whether, under the facts, a deposit of security will be required. The issue in such determination is whether the operator of the vehicle involved is in fact exempt from the requirements of this statute for one of the several reasons set out in T.C.A. sec. 59-1205. If the Commissioner determines a deposit of security is required, then T.C.A. sec. 59-1204 is applicable.

As to one required to take a deposit of security the Commissioner, under T.C.A. sec. 59-1204, is required within sixty days to revoke the license of the operator and the registration of the vehicle unless: First, there is deposited with the Department of Safety security in the amount necessary to pay any judgment or judgments resulting from the accident, but in no event less than $500.00; and, Second, furnish and maintain proof of financial responsibility for prospective liability in the manner prescribed by the statute.

This requirement, after a determination by the Commissioner of Safety, to furnish and maintain proof of financial responsibility makes applicable T.C.A. secs. 59-1220-1221-1222 and 1223.

T.C.A. sec. 59-1220 provides for four alternative methods of furnishing and maintaining proof of financial responsibility among them a certificate of insurance, and since the case at bar involves an insurance policy, we will refer only to this method. When an insurance policy is used as proof of financial responsibility, T.C.A. sec. 59-

1221 provides such policy be written by an insurance carrier authorized to do business in this State, and further the carrier certify to the Commissioner such policy has been written for the benefit of the person required to furnish proof of financial responsibility. T.C.A. sec. 59-1222 sets out a method for a non-resident to furnish proof of financial responsibility and is not at issue in the case at bar.

As to this policy certified to the Commissioner as proof of financial responsibility, T.C.A. sec. 59-1223 provides such shall insure the named insured or anyone using the vehicle with permission express or implied for damages imposed by law within certain geographical limits and up to stated amounts. It is also provided such policy by agreement stated therein or by endorsement state that the policy is issued in accord with the coverage provided by this statute and is subject to the provisions of this statute. Sub-section (f) of this Code section sets out certain provisions be incorporated in the policy whether contained therein or not. Among them is one provision that after injury or damage during the life of the policy the liability of the insurance carrier shall become absolute.

In keeping with the intent of the Legislature that the sanctions of this statute apply only after an accident, then the requirements that an insurance policy conform to this statute, particularly T.C.A. sec. 59-1223, would apply only to insurance policies issued and certified to the Commissioner of Safety as proof of financial responsibility in accord with the statute.

The bill in the case at bar does not allege the insurance policy in question had been certified to the Commissioner

of Safety as proof of financial responsibility. The only language in the policy in regard to financial responsibility laws is as follows:

When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable * * *

The above language of this policy is a negation of any argument it has been certified as proof of financial responsibility.

■ The fact the insurance policy in question is on file and approved by the Commissioner of Insurance and Banking, pursuant to T.C.A. sec. 56-603, does not make the policy a ''certified policy'' under our financial responsibility law.

There remains the question of whether this exclusion is void without regard to our financial responsibility statutes. It has been previously held this identical exclusion was not void. *Dressler v. State Farm Mutual Ins. Co.*, 52 Tenn.App. 514, 376 S.W.2d 700 (1963).

The judgment is affirmed. *Commercial Union Ins. Co. v. Universal Underwriters*, 223 Tenn. 80, 442 S.W.2d 614 (1969), wherein conflict with this opinion is overruled.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.