Jimmy Ray **HOLT**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Appellee.

Supreme Court of Tennessee.

Nov. 6, 1972.

Dennis L. Tomlin, Nashville, for appellant.

W. P. Ortale, Nashville, for appellee.

OPINION

CHATTIN, Justice.

State Farm filed this suit pursuant to our declaratory judgment statute seeking a

determination of its liability to a claim of Holt filed against the insureds, if any, under two of its policies. State Farm sought a declaration that it was not liable to Holt nor obligated to defend the claim against the insureds under the terms of either policy.

The Chancellor heard the matter on the bill, answer and a stipulation of facts and found the coverages of the two policies did not extend to or for the benefit of Holt.

Holt has perfected an appeal to this Court and has assigned errors.

The facts are: Bonita Lovell is the natural mother and guardian of Richard L. and Jimmy R. Holt. She and Jimmy resided in the same house. Richard resided separate and apart from them.

On November 8, 1969, a Triumph automobile driven by Richard collided with a taxicab. Jimmy was one of the four passengers in the car and received certain personal injuries.

The liability insurance policy covering the Triumph named as the first insured Bonita Lovell and as a second insured Richard L. Holt. Bonita owned another automobile. This car was covered by an automobile liability policy issued by State Farm which named her as the insured.

State Farm paid all claims resulting from the accident except the claim of Jimmy.

Thereafter, State Farm filed the proper papers with the Financial Responsibility Department of the State confirming the liability coverage on the Triumph car. No statement was made that exclusions of the policies applied to Jimmy R. Holt. State Farm knew all the above facts when it filed the papers confirming the liability coverage.

It was agreed Jimmy incurred personal damage in the amount of $3,885.00; and that he would be entitled to that amount if he were adjudged to be entitled to recover under the liability or uninsured motorist coverage of either of the policies.

It is first insisted the Chancellor erred in holding the relative resident exclusion clause of both policies applied to Jimmy.

Specifically, it is insisted on behalf of Jimmy the exclusion clause does not apply to him because he was not a resident of the same household with his brother, Richard.

Both policies provide, in part:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons . . .. Exclusions—Section 1.

This insurance does not apply under: . . . (H) coverage A to bodily injury to any insured or any member of the family of an insured residing in the same househoud as the insured; . . .. Definitions—Section 1—Insured.

The unqualified word 'insured' includes . . . (3) if residents of same household, the relatives of the first person named in the declarations, or of his spouse, . . .."

It is clear the exclusion clauses of both policies expressly exclude Jimmy under the facts. Jimmy resided with his mother. Richard resided apart from them. Mrs. Lovell was the first named insured in the policy covering the Triumph car. She was the lone insured in the other policy.

"Clauses in insurance contracts excluding from coverage members of the insured's family or household are valid and binding." Dressler v. State Farm Mutual Automobile Ins. Co., 52 Tenn. App. 514, 376 S.W.2d 700 (1963).

It is next insisted the exclusion clauses of the policies violate the Financial Responsibility Act and specifically T.C.A. Section 59–1223, wherein it is stated:

"(b) Owners policy. Such owner's policy of liability insurance; * * * (2) shall insure the person named herein and any other person, as insured, using

any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages. * * * *"

The fallacy in this contention is the Financial Responsibility Act does not apply under the facts of this case.

The parties stipulated the policies were in full force and effect at the time of the accident; and that following the accident State Farm filed the proper papers with the Financial Responsibility Department of the State attesting to the fact the Triumph car was covered by a liability insurance policy at the time of the accident.

T.C.A. Section 59–1205 provides, in part:

"The requirements of this chapter in regard to the requirement of security and revocation shall not apply: (a) To the operator or owner if the owner had in effect at the time of the accident an automobile liability policy or bond with respect to the vehicle involved in the accident, except that an operator shall not be exempt under this paragraph if at the time of the accident the vehicle was being operated without the owner's permission, express or implied; * * * *"

■ The requirements of T.C.A. Section 59–1223 apply only to policies procured and certified to the Commissioner of Safety as proof of financial responsibility after an accident by the owner or operator who at the time of the accident carried no liability insurance on the automobile.

The penalty for not complying with the Act is a revocation of one's driver's license and all registrations.

"The sanctions of this statute are not involved unless and until the owner or operator is involved in an accident resulting in bodily injuries or property damage in excess of $100.00; until such occurs a person is at liberty to own and operate a motor vehicle without any insurance coverage or with as little insurance coverage as desired." McManus v. State Farm Mutual Automobile Ins. Co., Tenn., 463 S.W.2d 702 (1971).

Since the statute is not applicable, the parties were free to contract as to such exclusions as they desired.

Finally, it is contended that the Chancellor erred in holding Jimmy was not entitled to recover under the uninsured motorist coverage of either of the policies.

It is argued in support of this insistence that if the relative exclusion clause of the policies precludes Holt from recovering from State Farm under the personal injury liability provision of the policies, the vehicle was an uninsured vehicle and his brother was an uninsured motorist insofar as his claim was concerned; and that, therefore, since his mother was the owner of both policies which provided for uninsured motorist coverage he should be permitted to recover under the provisions of either policy.

■ Certainly Jimmy cannot recover on the policy covering the automobile which was not involved in the accident.

State Farm insists the Triumph car driven by Richard and involved in the accident was not an uninsured vehicle within the meaning of the policy.

The policy provides:

"Insured automobile—means: (1) An owned motor vehicle provided the use thereof is by such first named insured or spouse or any other person to whom such first named insured or spouse has given permission to use such vehicle if the use is within the scope of such permission. . . .

(2) But the term uninsured motor vehicle shall not include: (1) A vehicle defined herein as an insured automobile."

It is obvious under the facts of this case and under the terms of the policies the vehicle was an insured and not an uninsured vehicle.

However, Counsel for Jimmy contends the above definition of uninsured vehicle is more restricted than that required by the Uninsured Motorist Act, codified as T.C.A. Sections 56–1148—1153, inclusive.

Thus, the issue is whether the language of the policy is in conflict with the statute and is void.

Although the term "uninsured motorist vehicle" as defined by T.C.A. Section 56–1149 to include an insured vehicle if the insurer is unable to make payment because of insolvency, the term is not comprehensively defined.

The intent of the statute is to require automobile liability insurance companies to provide their insureds' protection against drivers of vehicles without liability coverage.

The car in which Jimmy was riding, at the time of the accident, was covered by a liability insurance policy. This coverage was not available to him because he was specifically excluded, as we have pointed out, and not because of the lack of liability protection. It was stipulated State Farm paid the claims of the other passengers.

Considering the Act as a whole, it would be a strained construction of the Act to say it requires an "uninsured motor vehicle" be defined as to include uninsured motorist coverage for a person specifically excluded from liability coverage by the terms of the policy.

It results that the decree of the Chancellor is affirmed. Appellant will pay the costs.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and COOPER, Special Justice, concur.