James Douglas **SHAMBELY** and Dorothy
Marie **Shambely**, Husband and Wife,
Plaintiffs-Appellants,

v.

Kenneth Steven **WALLS**,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

April 9, 1980.

Certiorari Denied by Supreme Court
June 2, 1980.

Todd & Deal, Memphis, for plaintiffs-appellants.

Jerry E. Mitchell, Memphis, for State Farm Mut. Auto. Ins. Co.

SUMMERS, Judge.

There is only one issue presented for this court's consideration. Did the trial court err when it found that the plaintiffs were not covered by the uninsured motorist provisions of the insurance policy issued by State Farm Mutual Automobile Insurance Company to Vincent Douglas Morrell, its insured, covering his Pinto automobile which was involved in the accident in which the plaintiff, Mr. Shambely, was injured?

The plaintiffs-appellants, James Douglas Shambely and wife, Dorothy Marie Shambely, sued the defendant-appellee, Kenneth Steven Walls, for injuries Mr. Shambely received in an automobile accident while he was riding as a passenger in Mr. Morrell's automobile being driven at the time by the defendant. Mrs. Shambely sued for the loss of Mr. Shambely's services.

This was a one car accident which occurred on Highway 57 in Fayette County, Tennessee, on August 18, 1977. Mr. Shambely had blanket permission for Mr. Morrell to use his car. At the time of the accident, Mr. Shambely and the defendant were going to Limestone, Tennessee, on personal business on behalf of Mr. Morrell. The defendant was driving at the request of Mr. Shambely.

The plaintiffs had a summons issued to State Farm pursuant to T.C.A. 56–1153, which covers service under the uninsured motorist statute. State Farm answered, denying that the plaintiffs were covered under the uninsured motorist provision of its policy issued to Mr. Morrell. State Farm made a motion to sever the question of contractual coverage from the other issues in the lawsuit, and this motion was granted by the trial judge. The trial judge found that the plaintiffs were not entitled to recover under the uninsured motorist provisions of State Farm's insurance policy, dismissed State Farm as to any claims by the plaintiffs and granted the plaintiffs an interlocutory appeal to this court pursuant to T.C.A. 27–305.

Section III of State Farm's policy concerns the uninsured motor vehicle coverage.

Under that section the word "insured" is defined as:

(1) the first person named in the declaration and while residents of his household, his spouse and the relatives of either;

(2) any other *person* while *occupying* an insured motor vehicle; and

Further, in the same section "insured motor vehicle" is defined as:

(1) an *owned motor* vehicle provided the use thereof is by such first named insured or resident spouse or any other *person* to whom such first named insured or resident spouse has given permission to use such vehicle if the use is within the scope of such commission, or

Also under the same section entitled "Exclusions-Section III" is the following:

This insurance does not apply:

. . . . .

(b) to *bodily injury* to an *insured* while *occupying* or through being struck by a land motor vehicle owned by the named insured or any *resident* of the same household, if such vehicle is not an *owned motor vehicle* ;

Under Section I of the policy, Liability and Medical payments, an "insured" is defined as:

(1) the named insured, and

(2) if the named insured is a *person or persons,* also includes his or their spouses, if a resident of the same household, and

(3) if residents of the same household, the relatives of the first person named in the declarations, or his spouse, and

(4) any other *person* while using the *owned motor vehicle,* provided the operation and actual use of such vehicle are with the permission of the named insured or such spouse and are within the scope of such permission, and

In this section there is excluded from coverage:

. . . . .

(h) Coverage A. To bodily injury to any insured or any member of the family of an insured residing in the same household as the insured.

It is the contention of State Farm that the plaintiffs have no coverage under the terms of its liability policy and are excluded from the benefits of the uninsured motorist coverage. The trial court agreed with this contention of State Farm, and after a consideration of the Tennessee case law and statutes, we must do likewise.

In a recent decision by the Supreme Court, *Parker v. Provident Life and Accident Insurance Company,* 582 S.W.2d 380 (Tenn.1979), Justice Brock discussed the interpretation of an insurance contract and said: "There is no judicial duty but to give the language its usual and ordinary meaning." We believe the policy here is clear and unambiguous and should be given its usual interpretation.

We have determined that the plaintiff, Mr. Shambely, is an insured under the definitions set out in Sections I and III of the insurance policy involved in this case. He is, therefore, excluded from coverage under both of these sections.

Our Tennessee Supreme Court has addressed the issue of exclusion clauses in uninsured motorist provisions of insurance policies, and it has upheld such provisions. Although we are in sympathy with the plaintiffs, we must follow the applicable statutes and case law.

*Hill v. Nationwide Mutual Insurance Company,* 535 S.W.2d 327 (Tenn.1976), and *Holt v. State Farm Mutual Automobile Insurance Company,* 486 S.W.2d 734 (Tenn. 1972), are leading cases dealing with this issue. Although neither of these cases involved a one car accident, the insurance policy exclusions in each are very similar to the exclusions we are dealing with here.

Although there were two automobiles involved in the accident in *Holt,* the driver of plaintiff Holt's automobile was held to be totally liable for the accident. State Farm paid all claims arising out of the accident except the claim of Jimmy Holt, the plaintiff, who was the brother of the driver. The insurance policy issued by State Farm excluded the plaintiff from coverage because he was a member of the family of an

insured and resided in the same household of the insured.

From a definition in the Holt policy of an insured automobile, which is very similar to the one we have in the policy in the case at bar, the court found that it was obvious that the vehicle was insured and not uninsured. The plaintiff Holt contended that the definition of the uninsured vehicle is more restrictive than that required by the uninsured motorist act. The issue was presented of whether this policy was in conflict with the statute and was void. The court in *Holt* said:

Although the term "uninsured motorist vehicle" as defined by T.C.A. § 56–1149 to include an insured vehicle if the insurer is unable to make payment because of insolvency, the term is not comprehensively defined.

The intent of the statute is to require automobile liability insurance companies to provide their insureds' protection against drivers of vehicles without liability coverage.

The car in which Jimmy was riding, at the time of the accident, was covered by a liability insurance policy. This coverage was not available to him because he was specifically excluded, as we have pointed out, and not because of the lack of liability protection. It was stipulated State Farm paid the claims of the other passengers.

Considering the Act as a whole, it would be a strained construction of the Act to say it requires an "uninsured motor vehicle" be defined as to include uninsured motorist coverage for a person specifically excluded from liability coverage by the terms of the policy.

The Supreme Court in *Terry v. Aetna Casualty and Surety Company*, 510 S.W.2d 509 (Tenn.1974), recognized that the legislative intent by the inclusion of T.C.A. 56–1152 was to provide less than broad coverage. The last sentence in section 56–1152 is: "Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance and other benefits."

Although the *Hill* case is not on point with our case factually, the Supreme Court discusses at length uninsured motorist coverage and upholds exclusions in insurance policies. In the *Hill* case, as we assume concerning the policy in the instant case, the policy was approved by the Commissioner of Insurance. While the court says this was not conclusive, it did consider approval by the insurance commissioner as a factor. *Hill* said:

Under all of the circumstances, therefore, we are unable to say the policy provision in question was not "designed" to avoid such duplication, or that it so conflicts with the underlying purpose of the uninsured motorist statutes, as construed in this state, that it must be deemed illegal and void.

As in the *Hill* case and in the instant case, there was no duplication of insurance.

The plaintiffs have cited to us several cases from other jurisdictions holding that the plaintiffs could recover under similar insurance policies. *Barnes v. Powell*, 49 Ill.2d 449, 275 N.E.2d 377 (1971), an Illinois case, had a very similar definition and exclusion of insured vehicle. That court found that the automobile was uninsured as to the plaintiff within the meaning of the policy. However, the *Barnes* case and those cases holding contrary are not binding on Tennessee courts. The case the plaintiffs rely on from Illinois and Oklahoma were decided in 1971, both before the *Hill* and *Holt* cases. The plaintiffs also cite a case from Iowa in 1973, which was before the *Hill* case. The defendants also have cited cases that they rely on from several jurisdictions holding as the Tennessee courts have held on insurance policy exclusions.

Our Supreme Court, had it desired to do so, could have ruled otherwise in *Hill* and *Holt* and could have followed the jurisdictions who found to the contrary. This they have not done, and we are constrained to follow their lead. Although the Illinois *Barnes* case, on which the plaintiffs heavily rely, finds that the insured vehicle was uninsured as to the plaintiff, we do not interpret the policy provisions in that light.

Therefore, the issue presented by the plaintiffs is respectfully overruled. The action of the trial court below in dismissing State Farm from this case is affirmed. The costs of this cause are taxed against the plaintiffs, for which execution may issue if necessary.

MATHERNE and EWELL, JJ., concur.