# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

_____

| | | |
|---|---|---|
| **MISSISSIPPI FARM BUREAU** | ) | |
| **MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Shelby Law No. 63735 T.D. |
| | ) | |
| **vs.** | ) | |
| | ) | Appeal No. 02A01-9607-CV-00151 |
| **LATONIA SCRUGGS JONES and** | ) | |
| **THOMAS JONES,** | ) | |
| | ) | |
| Defendants/ Appellants. | ) | |

FILED

**November 14, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE GEORGE H. BROWN, JR., JUDGE

For the Plaintiff/Appellee:          For the Defendants/Appellants:
Melanie M. Shuttleworth               Phil Zerilla, Jr.
Memphis, Tennessee                    Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

# OPINION

In this case, an insurance company sought declaratory judgment on the issue of whether the language in the insurance policy automatically increased the policy's coverage limits to those required by Tennessee's Financial Responsibility Law, absent certification of the policy. The trial court ruled that it did not. We affirm.

Appellee Mississippi Farm Bureau Mutual Insurance Company ("MFB") issued an insurance policy to Brenda Boyd ("Boyd"), a Mississippi resident. The policy provided liability coverage up to $10,000 per person and $20,000 per accident, complying with Mississippi's requirements for minimum coverage. *See* Miss. Code Ann. § 63-15-43 (2)(b)(1972). The policy also provided, in pertinent part:

> **6. Financial Responsibility Laws - Coverage A and B.** If this policy is one that is certified following an accident as proof of financial responsibility for future accidents under Mississippi Code Annotated, Section 63-15-43, and amendments thereto, and under like provisions of the Motor Vehicle Financial Responsibility Law of any State or Province, such insurance as is afforded by this policy shall comply with the provisions of such law to the extent of the coverage and minimum limits of liability required, provided, however, that this policy will not conform to any requirements by any other state or providence [sic] as to the types and/or amounts of coverage other than **"bodily injury"** and **"property damage"** liability.

In 1993, Boyd had an automobile accident in Tennessee involving Appellants Latonia Scruggs Jones and Thomas Jones ("Joneses"). The Joneses subsequently filed a claim for personal injuries arising out of the accident.

The Tennessee Financial Responsibility Law of 1977, Tennessee Code Annotated §§ 55-12-101 et. seq., requires policy limits of $25,000 per person and $50,000 per accident after 1989. Tenn. Code Ann. § 55-12-102(12)(C)(ii) (1993). Prior to the accident, however, MFB had not certified the policy as proof of financial responsibility. To determine the policy limits for the Tennessee accident, MFB filed a complaint in Circuit Court in Tennessee for declaratory judgment. MFB asked the trial court to determine the question of whether the above-quoted language in the policy operated to automatically increase the liability limits to those required by the Financial Responsibility Law.

Both parties moved for summary judgment. The trial court granted summary judgment for MFB and denied the Joneses' motion for summary judgment. From this decision the Joneses now appeal.

The issue on appeal is whether language in the MFB policy increased the policy's liability limits to comply with those required by the Financial Responsibility Law, despite the fact that MFB had not certified the policy as proof of financial responsibility.

A trial court should grant a motion for summary judgment when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

In Tennessee, a motorist who is involved in an automobile accident resulting in a death, personal injury, or property damage in excess of four hundred dollars must file an accident report with the Commissioner of Safety. Tenn. Code Ann. § 55-12-104(a) (1993). When the commissioner receives such a report, if he receives notice of a claim filed against the motorist and determines that the claimant's chance of winning a judgment are reasonably possible, he then requires a security deposit from the motorist to cover the possible judgment. *Id.* § 55-12-105(a) (1993). If the motorist fails to provide a security deposit, the commissioner revokes the motorist's driver's license and registrations. *Id.* If the motorist is a nonresident, the commissioner revokes his privilege to drive in the state. *Id.*

A security deposit is not required, however, if the motorist "had in effect at the time of the accident, an automobile liability policy or bond with respect to the vehicle involved in the accident," unless the vehicle was being driven without the owner's express or implied permission. Tenn. Code Ann. § 55-12-106(1) (Supp. 1997). In order to qualify, the policy must meet the following requirements:

> (a) No policy or bond shall be effective under § 55-12-106, unless issued by an insurance company or surety company licensed to do business in this state . . . and unless such policy or bond provides security not less than the amounts specified in § 55-12-102.

*Id.* § 55-12-107(a) (1993). Section 55-12-102 requires, as one option for any period after December 31, 1989, "[a] split-limit policy with a limit of not less than twenty-five thousand dollars ($25,000)

2

for bodily injury to or death of one (1) person, not less than fifty thousand dollars ($50,000) for bodily injury to or death of two (2) or more persons in any one (1) accident, and not less than ten thousand dollars ($10,000) for damage to property in any one (1) accident." *Id.* § 55-12-102(12)(C)(ii).

Finally, a motorist may provide proof of financial responsibility by "filing with the commissioner the written certificate of any insurance carrier duly authorized to do business in this state, certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility." Tenn. Code Ann. § 55-12-120 (1993). A nonresident can file such a certificate from a carrier licensed to do business in the state in which the motorist's vehicle is registered, so long as the carrier meets two requirements:

> (1) The insurance carrier shall execute a power of attorney authorizing the commissioner to accept service on its behalf of notice or process in any action arising out of a motor vehicle accident in this state; and

> (2) The insurance carrier shall agree in writing that such policies shall be deemed to conform with the laws of this state relating to the terms of motor vehicle liability policies issued therein.

*Id.* § 55-12-121 (1993).

The pertinent statutes are discussed in *McManus v. State Farm Mutual Auto. Ins. Co.*, 225 Tenn. 106, 463 S.W.2d 702 (1971). In *McManus*, the plaintiff filed for declaratory judgment against the defendant insurance company, asserting that an exclusion clause in the policy was void as being in conflict with the Financial Responsibility Law. *Id.* at 107-09, 463 S.W.2d at 703. The plaintiff noted that his policy was on file with and had been approved by the Commissioner of Insurance and Banking, and asserted that the Financial Responsibility Law was therefore applicable. *Id.* at 108-09, 463 S.W.2d at 703. In discussing the history of the Financial Responsibility Law, the Court noted that the legislature chose to require public liability insurance only after a first accident, as opposed to requiring public liability insurance of everyone in the state. *Id.* at 109, 463 S.W.2d at 703. After discussing the Financial Responsibility Law, the Court found:

> In keeping with the intent of the Legislature that the sanctions of this statute apply only after an accident, then the requirements that an insurance policy conform to this statute . . . would apply only to insurance policies issued and certified to the Commissioner of Safety as proof of financial responsibility in accord with the statute.

*Id.* at 111, 463 S.W.2d at 704. In *McManus*, the plaintiff had not certified his insurance policy as

3

proof of financial responsibility. The Court explained:

> The only language in the policy in regard to financial responsibility laws is as follows:
>
>> When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable * * *.
>
>> The above language of this policy is a negation of any argument it has been certified as proof of financial responsibility.

*Id.* at 112, 463 S.W.2d at 704. The Court concluded by noting that "[t]he fact the insurance policy in question is on file and approved by the Commissioner of the Insurance and Banking . . . does not make the policy a 'certified policy' under our financial responsibility law." *Id.* at 112, 463 S.W.2d at 705.

These issues are also addressed in *Holt v. State Farm Mutual Auto. Ins. Co.*, 486 S.W.2d 734 (Tenn. 1972). In *Holt*, the plaintiff insurance company sought declaratory judgment regarding its liability on two insurance policies. *Id.* at 734-35. At issue were the exclusion clauses, which provided that the relative of an insured who lived in the same household as the insured was not covered for bodily injuries under the policies. The defendant argued that the exclusion clauses were void because they violated the Financial Responsibility Law. *Id.* at 735. The Court disagreed, finding that the Financial Responsibility Law was inapplicable under the facts of the case. The parties stipulated that the policies had been in effect at the time of the accident and that, after the accident, the insurance company had filed papers with the commissioner attesting that the car involved in the accident had been covered by insurance at the time the accident occurred. *Id.* at 736. The Court found:

> The requirements of T.C.A. Section 59-1223 apply only to policies procured and certified to the Commissioner of Safety as proof of financial responsibility after an accident by the owner or operator who at the time of the accident carried no liability insurance on the automobile.

*Id.*

Pursuant to *McManus* and *Holt*, it is clear that the MFB policy limits do not have to comply with those set forth in the Financial Responsibility Law. The pertinent statutes indicate that the need for proof of financial responsibility comes into effect only after a motorist has had an accident. *See* Tenn. Code Ann. §§ 55-12-104 to -105; *McManus*, 225 Tenn. at 109, 463 S.W.2d at 703. In essence, the law allows a motorist a "first bite at the apple" before requiring that he carry insurance

4

or meet any particular insurance coverage requirements. The language in the MFB policy mandates no different result. Indeed, the language in the MFB policy is similar to that at issue in *McManus*. *See McManus*, 225 Tenn. at 112, 463 S.W.2d at 704. The policy provides that it will comply with the financial responsibility law of another state only if it "is certified *following* an accident as proof of financial responsibility for *future* accidents" (emphasis added). As far as the record indicates, this was Boyd's first accident in Tennessee, and the policy had not been certified as proof of financial responsibility. Therefore, the plain language of the policy indicates that its coverage limits need not conform to those required under Tennessee's Financial Responsibility Law. *Ballard v. North Am. Life & Cas. Co.*, 667 S.W.2d 79, 82-83 (Tenn. App. 1983) (absent ambiguity, courts are to interpret insurance policies according to the plain meaning of the language used).

The Joneses argue that *Winecoff v. Nationwide Mutual Ins. Co.*, 223 Tenn. 267, 444 S.W.2d 84 (1969), requires a different result. In *Winecoff*, the Court interpreted certain policy provisions to require coverage limits in line with those required by the Financial Responsibility Law. *Id.* at 271, 274-76, 444 S.W.2d at 85, 87-88. A key provision provided the following:

> 'When certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this Policy under Coverages C(1) and C(2) shall comply with the provisions of such law to the extent of the coverage required by such law.'

*Id.* at 271, 444 S.W.2d at 86. This provision is similar to the language discussed above. However, the policy in *Winecoff* contained two additional provisions. The first provided:

> 'This policy does not comply with motorists' financial responsibility laws of your state unless there is a premium charge shown for Coverages C(1) and C(2) in Item 5.'

*Id.* at 271, 444 S.W.2d at 85. The second provided:

> 'The limits of the Company's liability under Coverages C(1) and C(2) shall comply with the limits of liability required by any applicable motor vehicle financial responsibility law.'

*Id.* Each policy showed premium charges for Coverages C(1) and C(2) in Item 5, and the Court concluded that the insurance company had agreed to comply with the Tennessee Financial Responsibility Law and the coverage limits contained therein. *Id.* at 274-76, 444 S.W.2d at 87-88. Unlike the policy in *Winecoff*, the MFB policy in this case contains no provision for premium charges for any added coverage necessary to comply with any state's financial responsibility law and in no way purports to comply with such a law unless MFB first certifies the policy for future

5

accidents.

The decision of the trial court is affirmed.  Costs on appeal are assessed against Appellants, for which execution may issue if necessary.

 

_____
**HOLLY KIRBY LILLARD, J.**


**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**